David THOMAS, Plaintiff, Appellant,

v.

SEARS, ROEBUCK & CO. and Steven Moore, Defendants, Appellees.

No. 97–2394.

United States Court of Appeals, First Circuit.

Heard April 7, 1998.

Decided May 8, 1998.

Mark S. Horrigan for appellant.

Guy P. Tully, with whom Joan Ackerstein and Jackson, Lewis, Schnitzler & Krupman were on brief, for appellees.

Before SELYA, Circuit Judge, BOWNES, Senior Circuit Judge, and LYNCH, Circuit Judge.

LYNCH, Circuit Judge.

David Thomas worked for Sears, Roebuck & Co. for twenty-seven years. Thomas performed well during his career, and before the events in 1995 that led to this lawsuit he was offered promotions to Sears corporate headquarters in Illinois, which he declined for personal reasons. Thomas was terminated from his position as the Sears Automotive District Business Manager for the Boston District (Automotive District # 285) in 1996 during a restructuring of Sears' automotive business.

Thomas brought suit, claiming that the termination of his employment was motivated by unlawful age discrimination and that Sears defamed him. He also alleged that Steven Moore, a Sears corporate headquarters employee, tortiously interfered with his contract and advantageous relations with Sears. The district court granted summary judgment in favor of both defendants. Finding no error in the district court's judgment, we affirm.

We review the district court's grant of summary judgment de novo, and view all facts in the light most favorable to Thomas, drawing all reasonable inferences in his favor. *See Aponte Matos v. Toledo Davila*, 135 F.3d 182, 186 (1st Cir.1998). Summary judgment is appropriate when the evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

■■■ The plaintiff bears the "burden of proving that his years were the determinative factor in his discharge, that is, that he would not have been fired but for his age." *Freeman v. Package Mach. Co.*, 865 F.2d 1331, 1335 (1st Cir.1988) (citations omitted). Once the plaintiff has established a prima facie case of age discrimination, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its decision. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506–507, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407 (1993); *Hidalgo v. Overseas Condado Ins. Agencies, Inc.*, 120 F.3d 328, 334 (1st Cir.1997). The plaintiff must then show that the employer's proffered reason is a pretext for age discrimination. *See Hicks*, 509 U.S. at 515, 113 S.Ct. at 2751; *Hidalgo*, 120 F.3d at 335.

■■■ To avoid summary judgment, the plaintiff must "elucidate specific facts which would enable a jury to find the reason given [by the employer] was not only a sham, but a sham intended to cover up the employer's real motive: age discrimination." *Medina–Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 9 (1st Cir.1990) (citations omitted). This Thomas has failed to do. Assuming that Thomas established a prima facie case, we agree with the district court that the

undisputed evidence shows that Thomas did not meet his burden of showing he was fired as a result of age discrimination.

Starting in 1993, Sears underwent a process of reorganization which resulted in a newly-formed Sears Tire Group. There were fewer managerial positions in this new Group than in the prior automotive organization. Accordingly, some people, including Thomas, were laid off. Each manager was evaluated according to neutral criteria. The criteria included the performance of the district under that person's management. Points for twelve types of "leadership skills" were assigned by both the home office assessment team and by Sears personnel within the manager's district. These points were added in a weighted average formula. The overall performance of the manager's district in 1993 and 1994 was converted into points and these points were added to the leadership skills score to arrive at an overall score. Thomas received low ratings on "change leadership skills," due to his admittedly vocal and intense disagreement with the new Sears business plan. His district also had not done well during the period under review. Thomas' overall score was not high enough to result in his retention.

To counter Sears' articulation of a nondiscriminatory reason, Thomas challenges the assessment methodology and points to several statements. One statement is a comment attributed to William McCall in September of 1995 that a number of people "had been around for a long time" and when Sears reorganized there would be a difference. That statement appears to have been literally true. The other statements, attributed to Steven Moore, were that Thomas "had been around too long" and "wasn't able to change," and that Thomas' "days were numbered." Even if these remarks are, dubitante, interpreted as age animus, Thomas still has not produced sufficient evidence to meet his burden of showing that age discrimination was the real reason for the termination of his employment. *See Hicks* 509 U.S. at 515, 113 S.Ct. at 2751 ("[A] reason cannot be proved to be 'a pretext for discrimination' unless it is shown both that the rea-

son was false, and that discrimination was the real reason.").

In context, the inference of discrimination is, at best, very weak, in light of Thomas' statement that he was outspoken in his disagreement with Sears' change in business philosophy. Plaintiff in fact agreed that at least part of the motivation to select him for layoff was his disagreement with the company's change in business philosophy. Under such circumstances, a criticism that someone is unable to change is not a coded allusion cloaking age discrimination. This gives added weight to the usual rule that stray comments are insufficient to meet the plaintiff's burden in an ADEA case.[1] *See Mesnick v. General Elec. Co.,* 950 F.2d 816, 826 (1st Cir.1991).

As to Thomas' defamation claims, we agree with the district court that the purported defamatory statements were not actionable and were protected by the employer's conditional privilege. The claims of libel and slander arise out of comments made in internal company feedback and deficiency memoranda that were drafted after visits to Thomas' district, and a comment attributed to an employee that Thomas was disloyal, a troublemaker and negative on automotive issues. Under Massachusetts law, Sears' internal business communications are protected by a conditional business privilege. *See Masso v. United Parcel Serv. of Am., Inc.,* 884 F.Supp. 610, 621–22 (D.Mass.1995). " 'An employer has a conditional privilege to disclose defamatory information concerning an employee when the publication is reasonably necessary to serve the employer's legitimate interest in the fitness of an employee to perform his or her job.' " *McCone v. New England Tel. & Tel. Co.,* 393 Mass. 231, 471 N.E.2d 47, 51 (1984) (quoting *Bratt v. International Bus. Mach. Corp.,* 392 Mass. 508, 467 N.E.2d 126, 129 (1984)). There is no evidence of reckless publication of the allegedly defamatory statements and so there was no forfeiture of the conditional privilege.

Thomas' tort claim for intentional interference with a contractual or advantageous relationship also arises out of the memoranda. This claim fails for several reasons. Because the memoranda were within Sears' conditional business privilege, they cannot support a claim of intentional interference. Moreover, Thomas has not demonstrated that his supervisors acted out of an improper motive or used improper means. *See Walker v. Waltham Hous. Auth.,* 44 F.3d 1042, 1049 n. 1 (1st Cir.1995) (requiring improper motive, not concern for business interests, to be demonstrated); *King v. Driscoll,* 418 Mass. 576, 638 N.E.2d 488, 494 (1994) ("One of the elements of intentional interference with contractual relations is improper motive or means on the part of the defendant."). That Thomas and Moore had different views about how to run the stores, as Thomas admits, does not establish malice, but rather the contrary. Thomas has failed to produce any evidence that his superiors acted out of anything but concern for what they perceived to be Sears' legitimate business interests.

Thomas may well, and understandably, feel that his many years of loyal service to Sears should have resulted in a different end. But the law protects only against certain conduct and Thomas did not prove his case.

*Affirmed.* Costs are awarded to appellees.

---

1. We need not explore the extent to which the Massachusetts rule differs from the federal rule as to the burden on plaintiff once plaintiff has shown that the employer's articulated reason is pretext, *cf. Dichner v. Liberty Travel,* 141 F.3d 24 (1st Cir.1998), because plaintiff has not argued, and so has waived, any independent claim under state law. We add that in our view his evidence would be insufficient in a jurisdiction which requires a plaintiff to show no more than pretext. There has been no showing that the employer's reason was a pretext.