**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 38576/38577**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2012 Opinion No. 57** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: November 2, 2012** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| JERRY LEE McCLAIN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Judgments of conviction for domestic violence, intimidating a witness, and violating a no contact order, <u>affirmed</u>. Sentence <u>vacated</u> and <u>case remanded</u>.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Jerry Lee McClain appeals from judgments of conviction for domestic violence, intimidating a witness, and violating a no contact order. McClain asserts that the district court erred by admitting evidence of his prior misconduct and that the State presented insufficient evidence to support the jury's finding that he is a persistent violator of the law. We affirm McClain's convictions but reverse the persistent violator sentence enhancement and remand for resentencing.

**I.**

**BACKGROUND**

McClain was charged with rape, Idaho Code § 18-903(a), and domestic violence committed in the presence of a child, I.C. § 18-918(2), (4). The State alleged that McClain kicked his wife and grabbed her by the hair when she stopped performing a sexual act that he

1

demanded, and that he then had intercourse with her against her will, all while their two-year-old son was in an adjacent room. McClain was also charged, in a separate case, with violating a no contact order, I.C. § 18-920, and intimidating a witness, I.C. § 18-2604, based on allegations that after a no contact order had been issued, he repeatedly called his wife from jail and asked her to change her story. The State filed a second information in each case alleging that McClain was subject to a persistent violator sentence enhancement pursuant to I.C. § 19-2514 because he had previously been convicted of at least two felonies.[1] The two cases were consolidated for trial.

Approximately one month prior to trial, the State sought a ruling on the admissibility of evidence that would demonstrate that McClain had a history of abusing his wife and other women. The State anticipated that several witnesses, including McClain's wife and mother-in-law, would testify to prior acts of domestic violence. The State asserted that the evidence was admissible under Idaho Rule of Evidence 404(b) to show McClain's intent. The district court ruled that this evidence of prior domestic violence would be inadmissible at trial because the danger of unfair prejudice substantially outweighed any probative value.

Shortly before trial, McClain made a motion in limine to redact all but a seven-minute portion of a sixty-eight minute video recording of a police interview with McClain that was conducted shortly after McClain's arrest.[2] Although the video did not contain any admission by McClain of the charged offenses or of any other violence towards his wife, the State argued that the video was relevant to show McClain's claims to the detective--that he had a warm and positive relationship with his wife--which would contrast sharply with testimony from the victim, the victim's mother, and a friend of the victim concerning the nature of the relationship, and that the video was also relevant because it showed McClain presenting an "outlandish" explanation to the detective as to why and how his wife's mother and friend must have persuaded her to falsely accuse him of the alleged violence and sexual assault. McClain broadly asserted that any probative value of statements made on the video was substantially outweighed by unfair prejudice and that its admission would violate the court's previous ruling disallowing

---

[1]     The State originally alleged that McClain had been previously convicted of five felonies, but three of the allegations of prior felony convictions were withdrawn by the State shortly before the persistent violator stage of trial.

[2]     The original interview was approximately two hours long. The State redacted the video to a length of sixty-eight minutes to remove other impermissible evidence.

evidence of prior domestic violence. The district court reviewed the recording, found it relevant, found that its probative value was not outweighed by the risk of unfair prejudice, and held the full sixty-eight minutes of the video to be admissible. On the second day of trial, McClain objected to specific portions of the video in which he could be heard to say that he had put his children through "bullshit" before, that he had "hurt" people before, and that in the past he had been the kind of person who could "snap." McClain urged that these were inadmissible under Idaho Rule of Evidence 404(b) and the district court's previous ruling in his favor. The district court overruled his objections and permitted the State to play the video for the jury. The jury ultimately found McClain not guilty of rape, but guilty of domestic violence, intimidation of a witness, and violation of a no contact order.

The jury was then asked to determine whether McClain was a persistent violator of the law, which would make him subject to an enhancement of his sentences. The State alleged that McClain had previously been convicted of possession of a controlled substance in Idaho and assault in the third degree in Oregon, and that both crimes were felony offenses. The State's evidence consisted of certified copies of the judgments of conviction for both offenses and the criminal indictment for the assault charge from Oregon. During closing arguments, defense counsel argued that the State's evidence of the Oregon conviction was insufficient because the documentation did not indicate whether the conviction for assault in the third degree was a felony or misdemeanor under Oregon law. After a lengthy deliberation, the jury found McClain to be a persistent violator.

The district court imposed concurrent unified twenty-year sentences with ten-year determinate terms for domestic violence and intimidating a witness, both including a persistent violator enhancement; and a concurrent one-year sentence for the violation of a no contact order. McClain appeals, contending that the district court erred in admitting the video of his police interview and that the evidence was insufficient to prove that he was a persistent violator.

## II.

## ANALYSIS

### A.    Admission of the Recorded Interview

McClain asserts that admission of the recording of his police interview violated Idaho Rule of Evidence 404(b) because it included his statements admitting "other crimes, wrongs, or

3

acts," which are "not admissible to prove the character of a person in order to show action in conformity therewith." I.R.E. 404(b).

When determining the admissibility of evidence to which a Rule 404(b) objection has been made, the trial court must conduct a two-tiered analysis. *State v. Pepcorn*, 152 Idaho 678, 688, 273 P.3d 1271, 1281 (2012); *State v. Grist*, 147 Idaho 49, 52, 205 P.3d 1185, 1188 (2009); *State v. Avila*, 137 Idaho 410, 412, 49 P.3d 1260, 1262 (Ct. App. 2002). First, the evidence of prior misconduct must be relevant, as a matter of law, to a material and disputed issue other than the character and criminal propensity of the defendant. *Grist*, 147 Idaho at 52, 205 P.3d at 1188; *Avila*, 137 Idaho at 412, 49 P.3d at 1262. As part of this consideration, the trial court must determine whether there is sufficient evidence of the prior acts that a reasonable jury could believe the conduct actually occurred. *Pepcorn*, 152 Idaho at 689, 273 P.3d at 1282; *Grist*, 147 Idaho at 52, 205 P.3d at 1188; *State v. Whitaker*, 152 Idaho 945, 948, 277 P.3d 392, 395 (Ct. App. 2012). Second, the trial court must engage in a balancing under Idaho Rule of Evidence 403 to determine whether the danger of unfair prejudice substantially outweighs the probative value of the evidence. *Pepcorn*, 152 Idaho at 689, 273 P.3d at 1282; *Avila*, 137 Idaho at 412, 49 P.3d at 1262. On appeal, this Court defers to the trial court's determination that there is sufficient evidence of the prior misconduct if it is supported by substantial and competent evidence in the record. *Whitaker*, 152 Idaho at 948, 277 P.3d at 395; *State v. Parmer*, 147 Idaho 210, 214, 207 P.3d 186, 190 (Ct. App. 2009). We exercise free review, however, of the trial court's relevancy determination. *State v. Sheldon*, 145 Idaho 225, 229, 178 P.3d 28, 32 (2008); *State v. Porter*, 130 Idaho 772, 783, 948 P.2d 127, 138 (1997); *State v. Scovell*, 136 Idaho 587, 590, 38 P.3d 625, 628 (Ct. App. 2001). The trial court's balancing of the probative value of the evidence against the danger of unfair prejudice will not be disturbed unless we find an abuse of discretion. *Grist*, 147 Idaho at 52, 205 P.3d at 1188; *Scovell*, 136 Idaho at 590, 38 P.3d at 628.

McClain first asserts that the district court erred by failing to engage in the required balancing inquiry to weigh whether the probative value of the evidence was outweighed by the risk of unfair prejudice. This contention is not borne out by the record. After having reviewed the video and having heard argument on McClain's initial objection to the videotape, the court expressly stated its determination that the probative value of the video's content was not substantially outweighed by the danger of undue prejudice. When McClain again objected to the same video later in the trial, the court stood by its earlier ruling. The fact that the court did not

4

*repeat* its balancing analysis on the record in response to McClain's second objection does not demonstrate an omission of a balancing analysis.

Nor has McClain demonstrated any error in the district court's determination that the challenged portions of the video were not inadmissible under I.R.E. 404(b) and 403. The statements that McClain contends on appeal should have been excluded as evidence of prior bad acts are admissions by McClain that he had put his children through "bullshit," that he had hurt his wife and other people, and that he was a person who could "snap." When viewed in context, these were hardly self-damning confessions. Near the beginning of the interview, the detective asked McClain about his family life. McClain asserted that he had a good relationship with his wife and their son. McClain compared his current relationship with his wife and son to his previous relationships with his other children, explaining that his first child was born when McClain was seventeen, before he knew how to be a good father. At one point McClain stated: "I think back about all the other bullshit I put my other kids through. I have ten kids. I put my other kids through a lot of shit man." McClain then expressed his love for his wife and son, and explained that he had worked hard to provide them with a good home. At a later point in the interview, McClain explained that every time his wife had gone to jail, he had helped to bail her out, and he expressed disappointment that nobody bailed him out of jail. He then stated: "I don't want somebody I love to be in jail. My wife has--my wife has, man like I said, she hurt me. But how many people in my life have I hurt and been forgiven for." Finally, near the end of the interview, the detective explained that he understood that people sometimes "snap" in stressful or difficult situations. McClain stated: "I've been that person," but adamantly denied ever physically abusing his wife.

It is highly doubtful that these statements even fall within the purview of Rule 404(b) as evidence of "character" or "other crimes, wrongs or acts"; they are little more than acknowledgements by McClain of normal human foibles--that he has been an imperfect father, that he had sometimes hurt other people's feelings, and that he had sometimes snapped under stress. Even if these acknowledgements by McClain constitute evidence of other acts indicative of character that are subject to Rule 404(b) analysis, they are not a type of evidence that presents a risk of unfairly prejudicing the jury. The statements are brief and vague and include no admission of any particular misconduct. Although the probative value of the video may have been modest, we discern in it no appreciable risk of unfair prejudice that could outweigh that

5

probative value. Therefore, we are not persuaded that the district court abused its discretion in admitting the challenged portions of the video.

Finally, even if we assume error in the admission of the video, such error was harmless. Trial error will be deemed harmless if the reviewing court is convinced beyond a reasonable doubt that the error did not contribute to the verdict. *State v. Perry*, 150 Idaho 209, 227, 245 P.3d 961, 979 (2010). At trial, the victim testified to a violent sexual encounter with her husband, McClain, while their two-year-old son was in a nearby room. According to the victim, McClain demanded that she continue performing a sexual act, and when she stopped, he pulled her hair and cursed at her. When she again refused, he kicked her in the head, and then continued to kick her until she fell off the bed. When she began to scream, McClain straddled her on the floor, again cursed at her, told her it would be the last time she ever screamed, covered her mouth, and struck her in the face multiple times. McClain then ordered her to submit to sexual intercourse. Later that day, the victim was interviewed by the police and gave a brief account of her injuries to a registered nurse. The nurse testified that the victim reported that she had been kicked in the head and was experiencing pain in her head and neck. The nurse took more than twenty-five photographs to document the victim's injuries. The photographs, which were introduced at trial, show red marks on the victim's neck and various bruising and abrasions on the victim's arms, legs, and shoulders.

The State also introduced recordings of three telephone calls made by McClain to the victim while McClain was in jail. During the phone calls McClain repeatedly asked her to tell the prosecutors that the charges were unfounded, and to stop telling people that he had kicked her in the head. McClain apologized to the victim, saying that he was "sorry about everything," and asked her not to leave him. At one point, McClain said that he knew he "f---ed up," and he later stated: "I promise you I will not let you down again." During a recorded call to another individual, McClain seems to state that if he could have another chance, he would not mess up again.

Considering the strength of the State's evidence, and the brevity and vagueness of the challenged portions of the police interview, we are convinced beyond a reasonable doubt that even if it was erroneous to admit the video without further redactions, that error was harmless in this case.

6

## B.      Persistent Violator Enhancement

The State sought to prove that McClain had at least two prior felony convictions and was therefore subject to enhanced penalties on the domestic violence and intimidation of a witness charges pursuant to I.C. § 19-2514.  The State relied on evidence that he had been convicted of possession of a controlled substance in Idaho and assault in Oregon.  McClain asserts that the evidence of his assault conviction from Oregon did not show whether it was a felony or a misdemeanor, and therefore the evidence was insufficient to sustain a finding that he was a persistent violator.

Idaho Code § 19-2514 provides that any person who is convicted for the third time of a felony must be sentenced to the custody of the State Board of Correction for a term of not less than five years, and the term may be extended to a life sentence.  The former convictions relied upon to invoke the persistent violator enhancement must be alleged in the indictment or information and be proved at trial beyond a reasonable doubt.  *State v. Miller*, 151 Idaho 828, 832-33, 264 P.3d 935, 939-40 (2011); *State v. Medrain*, 143 Idaho 329, 332, 144 P.3d 34, 37 (Ct. App. 2006); *State v. Cheatham*, 139 Idaho 413, 416, 80 P.3d 349, 352 (Ct. App. 2003); *State v. Martinez*, 102 Idaho 875, 880, 643 P.2d 555, 560 (Ct. App. 1982).  The State bears the burden of identifying the defendant as the same individual identified in the prior convictions, *State v. Lovejoy*, 60 Idaho 632, 637, 95 P.2d 132, 134 (1939); *Medrain*, 143 Idaho at 332, 144 P.3d at 37; *see also State v. Lawyer*, 150 Idaho 170, 173, 244 P.3d 1256, 1259 (Ct. App. 2010), and the burden of identifying the prior crimes as felonies.  *State v. Pacheco*, 134 Idaho 367, 372, 2 P.3d 752, 757 (Ct. App. 2000); *State v. Smith*, 116 Idaho 553, 560, 777 P.2d 1226, 1233 (Ct. App. 1989).  The State may satisfy the latter burden by "produc[ing] copies of judgments specifically identifying the crimes as felonies, or--if the judgments were not so specific--[by offering] admissible copies of the felony statutes applicable to the crimes recited in the judgments."  *Smith*, 116 Idaho at 560, 777 P.2d at 1233.

A jury's finding that a defendant is a persistent violator will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of the enhancement beyond a reasonable doubt.  *See State v. Marsh*, 153 Idaho 360, 365, 283 P.3d 107, 112 (Ct. App. 2011); *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991).  We do not substitute our

view for that of the trier of fact as to the reasonable inferences to be drawn from the evidence, *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985), and we consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

The State's Exhibit 63, presented at trial, included the Oregon indictment by which McClain was charged with *first* degree assault with a dangerous weapon as a felony offense and the Oregon judgment of conviction for a different offense, *third* degree assault. The copy of Exhibit 63 included in the record on appeal includes only the indictment--not the judgment-- evidently due to an error in preserving the exhibit in the district court.[3] Nevertheless, it is clear from other portions of the record that Exhibit 63 originally included the Oregon judgment for third degree assault and that the judgment did not indicate whether that offense, for which McClain was convicted, was a felony or a misdemeanor. The indictment charging McClain with first degree assault does not mention third degree assault and, hence,does not indicate whether the latter offense was a felony under Oregon law.

During closing arguments, the prosecutor stated that the Oregon judgment indicated that McClain was "convicted of assault number three--or assault in the third degree" and that the Oregon indictment indicates that *first degree* assault is a felony. During McClain's closing arguments, defense counsel argued that the Oregon judgment showed that McClain was convicted of third degree assault, not first degree assault, and that the Oregon judgment "does not indicate whether that is a felony or a misdemeanor charge." In rebuttal, the State responded that it was not "clear" from the Oregon judgment whether the offense was a felony or misdemeanor, but that the Oregon indictment clarified that the offense was a felony.

During their deliberations, the jury sent three separate notes to the court pertaining to the lack of evidence identifying third degree assault as a felony under Oregon law. The court directed the jury to continue deliberations, and the jury ultimately found that McClain had been convicted of felony assault in Oregon. When McClain later filed a motion for a judgment of acquittal on the persistent violator enhancement, the district court denied the motion.

---

[3] McClain filed a motion to augment the record with the Oregon judgment of conviction that had been admitted as part of Exhibit 63, but the Supreme Court denied the motion after the district court clerk attested that the Exhibit 63, as preserved in the district court's records, contained only the Oregon indictment and not the Oregon judgment of conviction.

McClain asserts that on this record it is apparent that there was insufficient evidence to establish that the Oregon conviction was for a felony. We agree. Although the indictment charged McClain with first degree assault and identified it as a felony, the indictment was for a different offense than that for which McClain was ultimately convicted. The record plainly demonstrates that the Oregon judgment did not specify whether third degree assault was a felony, and no other evidence in the record answers that question. The State did not introduce copies of the applicable Oregon statutes that could have identified the offense as a misdemeanor or felony. Therefore, the State did not meet its burden of proving that McClain's conviction of third degree assault was for a felony offense. Even when considering the evidence in the light most favorable to the prosecution, the evidence was insufficient to support a persistent violator sentencing enhancement. Therefore, McClain's sentences for domestic violence and intimidation of a witness must be vacated, and he must be resentenced without a persistent violator enhancement.

## III.

## CONCLUSION

The district court did not err by admitting a video recording of a police interview with McClain. Therefore, we affirm McClain's judgments of conviction for domestic violence, intimidation of a witness, and violation of a no contact order. McClain's sentences for domestic violence and intimidation of a witness are vacated, and the case is remanded for resentencing without a persistent violator enhancement.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**