**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43044**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Opinion No. 49 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 15, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JEROME NATHANIEL HARRIS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment of conviction for attempted first degree arson and being a persistent violator of the law, <u>affirmed</u> <u>in</u> <u>part</u>, <u>vacated</u> <u>in</u> <u>part</u>, and <u>remanded</u> <u>for</u> <u>resentencing</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Jerome Nathaniel Harris appeals from his judgment of conviction for attempted first degree arson and being a persistent violator of the law. Specifically, Harris alleges that the state did not provide sufficient evidence for the jury to find Harris was a persistent violator of the law. For the reasons set forth below, we affirm in part, vacate in part, and remand for resentencing.

Harris was charged with attempted first degree arson and being a persistent violator. Harris proceeded to trial and was found guilty by a jury of attempted first degree arson. I.C. §§ 18-802 and 18-306. The jury also found that Harris was a persistent violator. I.C. § 19-2514. The district court sentenced Harris to a unified term of seventeen years, with a minimum

1

period of confinement of five years.  Harris appeals, challenging the finding that he is a persistent violator of the law.

Following the jury's finding that Harris was guilty of attempted first degree arson, the jury was then asked to determine whether Harris was a persistent violator of the law pursuant to I.C. § 19-2514.  That section provides:

> Any person convicted for the third time of the commission of a felony, whether the previous convictions were had within the state of Idaho or were had outside the state of Idaho, shall be considered a persistent violator of law, and on such third conviction shall be sentenced to a term in the custody of the state board of correction which term shall be for not less than five (5) years and said term may extend to life.

The state presented evidence, through the introduction of three documents, that Harris was previously convicted of possession of a controlled substance, trafficking in methamphetamine, and delivery of methamphetamine.  The documents showed that Harris's conviction for possession of a controlled substance was a felony.  However, nothing in the documents indicated that the trafficking in methamphetamine or delivery of methamphetamine convictions were felonies.

Harris concedes the state provided evidence he committed one prior felony.  However, Harris argues that the state failed to present evidence that he committed a second prior felony.  Thus, Harris alleges there was not sufficient evidence for the jury to find he was a persistent violator of the law.  Appellate review of the sufficiency of the evidence is limited in scope.  A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt.  *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991).  We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence.  *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985).  Moreover, we will consider the evidence in the light most favorable to the prosecution.  *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

The former convictions relied upon to invoke the persistent violator enhancement must be alleged in the indictment or information and be proved at trial beyond a reasonable doubt. *State v. Miller*, 151 Idaho 828, 832-33, 264 P.3d 935, 939-40 (2011); *State v. Medrain*, 143 Idaho 329, 332, 144 P.3d 34, 37 (Ct. App. 2006); *State v. Cheatham*, 139 Idaho 413, 416, 80 P.3d 349, 352 (Ct. App. 2003); *State v. Martinez*, 102 Idaho 875, 880, 643 P.2d 555, 560 (Ct. App. 1982). The state bears the burden of identifying the defendant as the same individual identified in the prior convictions. *State v. Lovejoy*, 60 Idaho 632, 637, 95 P.2d 132, 134 (1939); *Medrain*, 143 Idaho at 332, 144 P.3d at 37. The state also has the burden of identifying the prior crimes as felonies. *State v. Pacheco*, 134 Idaho 367, 372, 2 P.3d 752, 757 (Ct. App. 2000); *State v. Smith*, 116 Idaho 553, 560, 777 P.2d 1226, 1233 (Ct. App. 1989). The state may satisfy the latter burden by producing copies of judgments specifically identifying the crimes as felonies or, if the judgments were not so specific, by offering admissible copies of the felony statutes applicable to the crimes recited in the judgments. *Smith*, 116 Idaho at 560, 777 P.2d at 1233.

Harris's judgments of conviction did not specify whether trafficking in methamphetamine or delivery of methamphetamine were felonies, and no other evidence in the record answers that question. The state did not introduce copies of the applicable statutes which could have identified the offenses as felonies.

The state argues that, despite its failure to provide explicit evidence that trafficking in methamphetamine and delivery of methamphetamine were felonies, it provided sufficient evidence for the jury to make a reasonable inference that the crimes were felonies. The state argues:

> The exhibits show that Harris was committed to the "custody of the Idaho State Board of Correction" and was sentenced to 5 years for each count. . . . A rational juror having even a de minimus understanding of the criminal justice system would know that 5-year prison sentences are reserved for felonies. Thus, the evidence showing that Harris was sentenced to 5 years on both the trafficking and delivery counts is evidence from which a jury could determine that trafficking and delivery of methamphetamine are felonies. Further, the jury was specifically informed that mere possession of controlled substance was a felony . . . and therefore a reasonable juror could logically conclude that delivery and/or trafficking of a controlled substance would also be felonies.

This Court is not persuaded by the state's argument. We do not agree that a jury could reasonably conclude, based upon the duration of Harris's sentences, that he was convicted of felonies. Nor do

3

we agree that a jury could reasonably rank various controlled substance-related convictions and conclude that because one was a felony the others were also felonies. Accordingly, in this case no reasonable inferences about whether Harris's prior convictions were felonies could be drawn from the evidence presented to the jury.

We hold that the state did not meet its burden of proving to the jury that Harris had been convicted of two prior felonies. Even when considering the evidence in the light most favorable to the prosecution, the evidence was insufficient to support a finding, beyond a reasonable doubt, that Harris was a persistent violator of the law. Accordingly, Harris's judgment of conviction for attempted first degree arson and being a persistent violator of the law is affirmed in part, vacated in part, and remanded for resentencing without consideration of the persistent violator enhancement.

Judge GRATTON and Judge HUSKEY, **CONCUR**.