# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 47374

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

JONATHAN ADAM ORESCO,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed:  March 18, 2021

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County.  Hon. Rick Carnaroli, District Judge.

Judgment of conviction and unified sentence of twenty-five years, with a minimum period of confinement of five years, for possession of a controlled substance, enhanced for being a persistent violator, <u>affirmed</u> <u>in</u> <u>part,</u> <u>vacated</u> <u>in</u> <u>part,</u> <u>and</u> <u>case</u> <u>remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Jonathan Adam Oresco appeals from his judgment of conviction and sentence for possession of a controlled substance, enhanced for being a persistent violator.  We affirm in part, vacate in part, and remand.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Officers received a report of a stabbing and that Oresco had been observed at the scene. When officers located Oresco near the scene of the stabbing, he fled, abandoning a backpack as he did so.  Officers seized the backpack, which they later discovered contained a pipe with

1

methamphetamine residue. Officers also pursued Oresco to a mobile home where he barricaded himself inside. Oresco was arrested after he eventually surrendered to police.

The State charged Oresco with aggravated battery, possession of a controlled substance, unlawful entry, and a persistent violator sentencing enhancement. The district court dismissed the unlawful entry charge, and the remaining charges were tried to a jury. Ultimately, the jury found Oresco guilty of possession of a controlled substance, I.C. § 37-2732, and found that he is a persistent violator under I.C. § 19-2514. During Oresco's sentencing hearing, the district court pronounced a unified sentence of five years, with a minimum period of confinement of two years, for possession of a controlled substance and a separate concurrent, unified sentence of twenty-five years, with a minimum period of confinement of five years, for the persistent violator enhancement. Subsequently, the district court entered a written judgment of conviction that purported to impose a single twenty-five-year term, with a minimum period of confinement of five years. Oresco appeals.

## II.

## STANDARD OF REVIEW

Appellate review of the sufficiency of the evidence is limited in scope. A finding that a defendant is a persistent violator will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of the enhancement beyond a reasonable doubt. *State v. McClain*, 154 Idaho 742, 748, 302 P.3d 367, 373 (Ct. App. 2012). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991); *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

## III.

## ANALYSIS

Oresco argues that there is insufficient evidence to sustain the jury's finding that he is a persistent violator under I.C. § 19-2514. Oresco further asserts that this requires vacating the

persistent violator enhancement and its corresponding sentence, along with a remand only for the entry of an acquittal on the enhancement. The State concedes the insufficiency of the evidence supporting the persistent violator enhancement. However, the State contends that remand for resentencing is necessary. We hold that there is insufficient evidence to support the jury's finding that Oresco is a persistent violator and that remand for resentencing is the appropriate remedy.

Idaho Code Section 19-2514 establishes enhanced penalties for individuals convicted of a felony for the third time. The statute provides, in pertinent part:

> Any person convicted for the third time of the commission of a felony . . . shall be considered a persistent violator of law, and on such third conviction shall be sentenced to a term in the custody of the state board of correction which term shall be for not less than five (5) years and said term may extend to life.

To sustain a persistent violator conviction under I.C. § 19-2514, the State must allege the prior convictions relied upon in a charging document and prove their existence beyond a reasonable doubt. *State v. Harris*, 160 Idaho 729, 730, 378 P.3d 519, 520 (Ct. App. 2016). The State must also prove the defendant is the same individual identified in the prior convictions and that the crimes were felonies. *Id.* The State can satisfy this burden by producing copies of judgments identifying the alleged crimes as felonies or through the presentation of admissible copies of the applicable statutes identifying the crimes as felonies. *Id.* The State cannot, however, depend upon the inference that a crime is a felony based upon the length of the sentenced imposed. *Id.* at 731, 378 P.3d at 531 (holding that a jury could not reasonably conclude that an offense was a felony based upon the five-year prison sentence imposed for the offense).

The State alleged that Oresco had two prior felony convictions, one for burglary and another for battery on certain personnel. The only evidence the State presented regarding the prior convictions was two documents--Exhibit 29, a minute entry and order convicting Oresco of burglary, and Exhibit 30, a judgment of conviction that convicted Oresco of battery on certain personnel. These exhibits were introduced through the testimony of a police officer. The officer testified that Oresco was the individual identified in the two documents. Although the documents indicated that the battery conviction was a felony, neither the documents nor the officer's testimony established that the burglary conviction was a felony. Thus, the State failed to meets its burden of proving beyond a reasonable doubt that Oresco had two prior felony convictions. *See id.* at 731, 378 P.3d at 512.

Having determined that the State failed to present sufficient evidence to support the jury's finding that Oresco is a persistent violator, we next address the proper remedy. Oresco contends that, after vacating the persistent violator enhancement and its corresponding sentence, this Court should remand only for the entry of an acquittal on the enhancement. According to Oresco, the discrete sentence the district court orally pronounced for the possession of a controlled substance charge establishes beyond a reasonable doubt the sentence the district court would have imposed absent the enhancement, rendering resentencing unnecessary. We disagree.

The separate sentences the district court pronounced during Oresco's sentencing hearing for the possession of a controlled substance charge and persistent violator enhancement are invalid *ab initio*. *See Lopez v. State*, 108 Idaho 394, 395-96, 700 P.2d 16, 17-18 (1985) (holding that imposing a separate sentence for an enhancement is an error of law and because sentence for enhancement and substantive offense were "clearly interdependent, the entire sentence was invalid *ab initio*"). Consequently, the district court did not impose sentence until it entered the written judgment of conviction after Oresco's sentencing, which attempted to impose a valid sentence. *See id.* (concluding defendant's original sentence was invalid such that sentence was not imposed until the trial court corrected the judgment)*; see also State v. Money*, 109 Idaho 757, 759, 710 P.2d 667, 669 (Ct. App. 1985) (same). However, a defendant must be present for the pronouncement of a sentence for a felony. I.C. § 19-2503; I.C.R. 43. Oresco was found guilty of a felony, but the record does not show that he was personally present when the district court imposed the single term of twenty-five years identified in the judgment of conviction. Thus, we must vacate Oresco's sentence and remand for the imposition of sentence in a hearing at which Oresco is present.[1]

## IV.

## CONCLUSION

The jury's finding that Oresco is a persistent violator under I.C. § 19-2514 is not supported by substantial evidence. Consequently, Orseco's judgment of conviction for possession of a

---

[1] We also agree with the State's observation that remand for resentencing is appropriate because the record forecloses a finding, beyond a reasonable doubt, that Oresco's sentence for possession of methamphetamine would have been the same absent the enhancement. *See State v. Ish,* 161 Idaho 823, 826, 392 P.3d 1, 4 (Ct. App. 2014) (remanding for resentencing because appellate court was "not convinced beyond a reasonable doubt that the persistent violator finding did not affect the sentence imposed by the district court").

controlled substance is affirmed, but his judgment of conviction for being a persistent violator is hereby vacated. Further, because the district court's oral pronouncement of the sentence based on the enhancement was void in light of the insufficient evidence for the enhancement, and sentence must be pronounced in the defendant's presence, we vacate Oresco's sentence and remand for resentencing.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.