# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 49241

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Boise, April 2023 Term |
| | ) | |
| v. | ) | Opinion filed: July 20, 2023 |
| | ) | |
| ROBERT RICHARD MILLER, | ) | Melanie Gagnepain, Clerk |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District of the State of Idaho, Nez Perce County. Jay P. Gaskill, District Judge.

The defendant's sentence is <u>vacated</u> and the case is <u>remanded for further proceedings</u>.

Eric D. Fredericksen, State Appellate Public Defender, Boise, for Appellant. Jacob Westerfield argued.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent. Andrew Wake argued.

---

ZAHN, Justice.

Robert Richard Miller appeals his conviction for felony driving under the influence ("DUI") and the district court's application of a sentencing enhancement based on a prior conviction for felony DUI within the previous fifteen years. Miller argues: (1) the district court erred in dismissing the jury before it heard and determined the facts regarding the sentencing enhancement without first obtaining a valid waiver of Miller's right to a jury trial; (2) the appropriate remedy for the error is to determine the sentencing enhancement does not apply; and (3) if the sentencing enhancement is still applicable to Miller, his sentence should be vacated and the case remanded for a new trial on whether Miller should be subject to the sentencing enhancement. Given the State's concession that the district court committed fundamental error, we

1

conclude that the appropriate remedy is to vacate Miller's sentence and remand for a new trial to determine whether the sentencing enhancement applies to Miller.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On March 3, 2021, the State charged Miller by Information with violating Idaho Code section 18-8004(1)(a) by driving under the influence of alcohol and/or drugs ("DUI"). The State also alleged that a sentencing enhancement applied pursuant to Idaho Code section 18-8005(9). Idaho Code section 18-8005(9) enhances the sentence for a DUI conviction when the defendant has been convicted of another felony DUI within the previous fifteen years. If applicable, the enhancement increases the conviction from a misdemeanor to a felony and also increases the potential sentence and other penalties imposed.

Miller pleaded not guilty and was tried before a jury. The jury trial was bifurcated. In "part one" of the trial, the jury was presented evidence concerning the DUI charge. If the jury found Miller guilty on that charge, the trial would proceed to a "part two," during which the jury would be presented with the evidence concerning the applicability of the sentencing enhancement.

Following the presentation of evidence in part one of the trial, but before the jury announced its verdict, the district court held a discussion with counsel outside the presence of the jury concerning proceedings on the potential part two:

> THE COURT: We're back on the record in State vs. Miller, CR35-20-7499. I've been informed that the Jury has reached a verdict. Both counsel are present. Mr. Miller is present.
>
> My understanding from talking with [defense] counsel [is] that should the verdict be one of guilty, that you are stipulating to the State's Exhibit No. 2, the prior judgment of conviction dated September 1st, 2011, signed by Judge – District Judge Michael McLaughlin; is that correct?
>
> [DEFENSE COUNSEL]: That's correct, Your Honor.
>
> THE COURT: Okay. So it would be my intent, again, only if – and only if, of course, the verdict is guilty, we'll release the jury at this time based on that stipulation to State's Exhibit No. 2; is that correct, [counsel]?
>
> [DEFENSE COUNSEL]: That is correct, Your Honor.
>
> THE COURT: [Prosecutor], anything in addition?
>
> [PROSECUTOR]: No, Your Honor.

State's Exhibit No. 2 was a certified copy of a judgment of conviction for Robert Richard Miller from the Fourth District Court in Valley County, Idaho, signed by District Judge Michael McLaughlin on September 1, 2011.

The jury found Miller guilty on the felony DUI charge. After the verdict was read, State's Exhibit No. 2 was admitted into evidence based on the parties' stipulation. The district court subsequently dismissed the jury. The jury was not instructed on the felony enhancement, nor did it make any findings on the enhancement. The district court did not question Miller about whether he was waiving his right to have a jury trial on the enhancement, and it made no findings concerning the applicability of the enhancement after it dismissed the jury. After the jury was dismissed, the district court and parties discussed sentencing and a presentence investigation.

At sentencing, the State asked for a three- to ten-year sentence based on Miller's history of multiple DUIs. The district court entered a judgment of conviction and sentenced Miller to a unified term of nine years, with two years fixed. Miller timely appealed.

## II. QUESTION ON APPEAL

Given the State's concession that the district court committed fundamental error, what is the appropriate remedy?

## III. ANALYSIS

### A. The State concedes that the district court committed fundamental error when it failed to obtain a valid waiver of Miller's right to a jury trial on Part II of the Information.

Miller asserts that the district court committed fundamental error in excusing the jury without first obtaining a valid waiver of Miller's right to a jury trial under the Sixth Amendment of the United States Constitution and Article I, section 7 of the Idaho Constitution. Because Miller asserts an error to which his attorney did not object below, we review his claim for fundamental error. *State v. Miller*, 165 Idaho 115, 119, 443 P.3d 129, 133 (2019). Under the fundamental error doctrine, the appellant must demonstrate that:

> (1) . . . one or more of the defendant's unwaived constitutional rights were violated; (2) the error must be clear or obvious, without the need for any additional information not contained in the appellate record, including information as to whether the failure to object was a tactical decision; and (3) . . . the error affected the defendant's substantial rights, meaning (in most instances) that it must have affected the outcome of the trial proceedings.

*State v. Alvarado*, 168 Idaho 189, 196, 481 P.3d 737, 744 (2021); *Miller*, 165 Idaho at 119, 443 P.3d at 133.

On appeal, the State concedes that the district court's dismissal of the jury in this case constituted fundamental error. Therefore, we will assume, without deciding, that Miller demonstrated fundamental error and will turn to the appropriate remedy for that error.

3

**B. Miller's sentence is vacated and the case is remanded for a new trial on Part II of the Information.**

While the parties agree that the district court committed fundamental error, they disagree as to the appropriate remedy in this case. Miller asserts that the sentencing enhancement should not be applied to him because the jury was never presented with evidence of his prior conviction, and therefore the evidence was insufficient to prove beyond a reasonable doubt that the enhancement should be applied to him. Miller also contends that if the Court rejects this argument, then this Court should remand for a new trial on the sentencing enhancement.

The State contends that Miller's argument is unpersuasive because there was no evidence presented on the sentencing enhancement. Therefore, it cannot be determined whether the enhancement should apply to Miller. The State asserts this case should be remanded for a new trial or plea on the enhancement because the remedy for an invalid plea or waiver of the right to a jury trial is a remand for a new trial or new guilty plea.

"If the defendant persuades the appellate court that the complained of error satisfies this three-prong inquiry, then the appellate court shall vacate and remand." *State v. Perry*, 150 Idaho 209, 228, 245 P.3d 961, 980 (2010). Reversal for a trial error is distinguishable from a reversal based on insufficiency of evidence because a trial error does not amount to a decision that the government failed to prove its case. *Burks v. United States*, 437 U.S. 1, 15 (1978). "Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, *e. g.* [sic], incorrect receipt or rejection of evidence, incorrect instructions, or prosecutorial misconduct." *Id.*

Alternatively, a reversal for insufficiency of the evidence entitles a defendant to acquittal. *State v. Calver*, 155 Idaho 207, 210, 307 P.3d 1233, 1236 (Ct. App. 2013). A conviction will be "overturned on appeal where the [S]tate did not produce admissible evidence upon which a jury could have found that the [S]tate sustained its burden of proving the essential elements of a crime beyond a reasonable doubt." *State v. Moore*, 148 Idaho 887, 892, 231 P.3d 532, 537 (Ct. App. 2010) (citing *State v. Cortez*, 135 Idaho 561, 562, 21 P.3d 498, 499 (Ct. App. 2001)).

Miller argues that in a situation like this one, the Idaho Court of Appeals has held that the proper remedy is to vacate the sentence and remand for resentencing without the sentencing enhancement. *See State v. McClain*, 154 Idaho 742, 302 P.3d 367 (Ct. App. 2012); *State v. Harris*, 160 Idaho 729, 378 P.3d 519 (Ct. App. 2016); *State v. Ish*, 161 Idaho 823, 392 P.3d 1 (Ct. App. 2014). However, these cases are distinguishable because the evidence concerning the enhancement

was presented to a jury at a trial and the jury found that the enhancement applied to the defendant. *See Harris*, 160 Idaho at 731, 378 P.3d at 521; *Ish*, 161 Idaho at 825, 392 P.3d at 3; *McClain*, 154 Idaho at 748–49, 302 P.3d at 373–74. The Court of Appeals in each case then reviewed the sufficiency of the evidence presented at trial. *See Harris*, 160 Idaho at 731, 378 P.3d at 521; *Ish*, 161 Idaho at 825–26, 392 P.3d at 3–4; *McClain*, 154 Idaho at 748–49, 302 P.3d at 373–74. In all three cases, the Court of Appeals determined that the State presented insufficient evidence on the sentencing enhancement. *See Harris*, 160 Idaho at 731, 378 P.3d at 521; *Ish*, 161 Idaho at 825–26, 392 P.3d at 3–4; *McClain*, 154 Idaho at 748, 302 P.3d at 373. This case is distinguishable because there was no evidence presented to the jury on the enhancement and the jury rendered no finding concerning whether the enhancement applied to Miller.

Because no evidence was presented to the jury, we cannot conduct a review for sufficiency of the evidence. As a result, the sufficiency of evidence standard is inapplicable to this issue. Instead, this case concerns trial error. A trial error can be remedied with a fair retrial "free from error." *See Lockhart v. Nelson*, 488 U.S. 33, 42 (1988) (citations omitted). We therefore hold that the proper remedy is to vacate the sentence and remand for further proceedings on the sentencing enhancement.

The Court of Appeals reached a similar result in *State v. Cheatham*, 139 Idaho 413, 80 P.3d 349 (Ct. App. 2003). In that case, the Court of Appeals vacated the enhanced sentence and remanded for resentencing after determining that the stipulation to the enhancement constituted reversible error. *Id.* at 418–19, 80 P.3d at 354–55. There, counsel for the defendant stipulated to the truth of the persistent violator enhancement after the jury delivered a verdict of guilty on the underlying crimes. *Id.* at 414–15, 80 P.3d at 350–51. Similar to this case, Cheatham did not waive his right to a jury trial on the enhancement. *Id.* The Court of Appeals held that "due process principles preclude the acceptance of a stipulation to the truth of persistent violator allegations without judicial inquiry to determine that the defendant makes the admission voluntarily and with an understanding of the consequences." *Id.* at 418, 80 P.3d at 354. Accordingly, the Court of Appeals vacated the sentence and remanded the case. *Id.* at 418–19, 80 P.3d at 354–55.

The facts in *Cheatham* are analogous to the facts here because defense counsel in both cases effectively stipulated to the enhancement by admitting to the prior conviction. Miller contends *Cheatham* is distinguishable because defense counsel in *Cheatham* stipulated to the truth of the persistent violator enhancement, while Miller's counsel only stipulated to the admission of

State's Exhibit No. 2. Therefore, Miller argues that State's Exhibit No. 2 should be reviewed under the sufficiency of the evidence standard. However, the distinction is irrelevant because the fact remains that no evidence was presented to the jury in either case.

The appropriate remedy flows from how the stipulation affected the proceedings. The effect of counsels' actions in both *Cheatham* and this case was that the trial courts dismissed the juries without first obtaining a valid waiver of the defendants' rights to a jury trial on the enhancement. As a result, *Cheatham* is instructive here. The proper remedy for the district court's error is to vacate the sentence imposed and remand Miller's case for a new trial on the sentencing enhancement.

We note that our decision today only remands for further proceedings on the sentencing enhancement. The jury already reached a verdict of guilty on the DUI charge. Our decision today does not vacate that verdict.

## IV.    CONCLUSION

The district court committed fundamental error by failing to obtain a valid waiver of Miller's right to a jury trial on the applicability of the sentencing enhancement prior to dismissing the jury. Accordingly, we vacate Miller's sentence and remand for further proceedings consistent with this opinion.

Chief Justice BEVAN, and Justices BRODY, STEGNER, and MOELLER CONCUR.