101 P.3d 708

STATE of Idaho, Plaintiff–Respondent,

v.

Jason L. WALLER, Defendant–Appellant.

No. 28315.

Court of Appeals of Idaho.

Aug. 27, 2004.

Review Denied Nov. 30, 2004.

Molly J. Huskey, State Appellate Public Defender; Eric Don Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent.

LANSING, Chief Judge.

Jason L. Waller appeals from his judgment of conviction for forgery of a financial transaction card. Waller contends that the district court erred by admitting at trial evidence of other misconduct by Waller and by allowing improper lay opinion testimony. We affirm.

## I.

## BACKGROUND

The following facts are taken from the State's evidence presented at trial. Waller and two other men went to the Bon Marché (the Bon) store in the Palouse Mall in Moscow. While there, Waller purchased two items by using a credit card that belonged to Ryan Conway and signing for the charge. One of the other men, Deon Hair, also purchased two denim outfits, using one of Conway's credit cards. The three then left the Bon and went to a Foot Locker store located in the same mall. At the Foot Locker, Hair purchased a pair of white basketball shoes, again using Conway's credit card. Hair

thereafter started to purchase two more pairs of shoes but presented his own credit card for that transaction. The second purchase was abandoned after the clerk noticed that the credit card that Hair had produced had a different name than the card used for the first purchase. After leaving the mall, Hair gave one of the denim outfits and the basketball shoes to Waller.

Waller was ultimately arrested and charged with one count of forgery of a financial transaction card, Idaho Code § 18–3123, for the purchase he made at the Bon. He was found guilty of the charged offense after a jury trial. Waller now appeals, challenging several evidentiary rulings of the trial court.

## II.

## ANALYSIS

### A. Hurley's Testimony

Waller first contends that the district court erred by allowing testimony concerning his activity with Hair at the Foot Locker store, for which Waller was not being prosecuted. Waller argues that the evidence was propensity evidence made inadmissible by Idaho Rule of Evidence 404(b). That rule specifies that evidence of uncharged misconduct is generally inadmissible when offered to "prove the character of a person in order to show action in conformity therewith." Such evidence is nevertheless admissible when introduced for other purposes such as proof of motive, intent, plan, knowledge, and identity. I.R.E. 404(b); *State v. Siegel*, 137 Idaho 538, 541, 50 P.3d 1033, 1036 (Ct.App.2002); *State v. Custodio*, 136 Idaho 197, 204, 30 P.3d 975, 982 (Ct.App.2001).

■ In reviewing the admission of evidence challenged under Rule 404(b), we first determine whether the evidence was relevant for a purpose other than proof of bad character and conforming conduct. This is a question of law subject to free review. *State v. Tapia*, 127 Idaho 249, 254, 899 P.2d 959, 964 (1995); *State v. Raudebaugh*, 124 Idaho 758, 764, 864 P.2d 596, 602 (1993). If such relevance is found, we will then apply an abuse of discretion standard to review the trial court's determination that the probative value of the

evidence was not outweighed by unfair prejudice. *State v. Dragoman*, 130 Idaho 537, 544–45, 944 P.2d 134, 141–42 (Ct.App.1997); *State v. Canelo*, 129 Idaho 386, 393, 924 P.2d 1230, 1237 (Ct.App.1996).

■ The testimony that Waller challenges is that of Joanie Hurley, the sales clerk at the Foot Locker who sold the basketball shoes to Hair. According to Hurley, after Hair had finished paying for his shoes using a credit card with Ryan Conway's name on it, Waller and the third man asked Hair to purchase shoes for them. Hair agreed to do so. To pay for the additional shoes, Hair presented Hurley with his own credit card, bearing the name Deon Hair. Hurley testified that when she pointed out that Hair was using cards with different names, Waller grabbed Hair's credit card and said, "You must have picked up my card when we were in the Bon." Waller contends that this testimony described conduct unrelated to the transaction at the Bon store for which he was charged and that the evidence is inadmissible under Rule 404(b) because it was used only to show that Waller had a criminal propensity.

Waller's argument is without merit. Ms. Hurley's testimony was probative to show Waller's awareness that the credit card bearing Ryan Conway's name was stolen. Waller's attempt to cover up Hair's use of the stolen card, by claiming Hair's credit card as his own, shows that Waller knew that the credit card he had used at the Bon was stolen. The evidence addressed the State's burden to prove that Waller used Conway's credit card "with intent to defraud," *see* I.C. § 18–3123, and we perceive no risk of unfair prejudice from its introduction. The testimony was therefore not made inadmissible by I.R.E. 404(b).

### B. Fee's Testimony

■ The State also presented the testimony of Robyn Fee, who was Waller's roommate at the time of the offense. Fee testified that Waller brought home a denim outfit in a white plastic bag on the day in question and that he sold items of clothing from their apartment, including the denim outfit and a new pair of white athletic shoes. Waller contends that Fee's testimony regarding Waller having sold these items was not rele-

vant for any purpose and merely showed bad character.

We disagree. From the description of the items and the timing of Fee's observations, it can be inferred that the denim outfit and shoes sold by Waller were the items that Hair had purchased using the stolen credit card. Therefore, Fee's testimony corroborates Hair's testimony that he gave one of the outfits and the shoes to Waller. It also suggests a specific motive for Waller's fraudulent use of Conway's credit card for the Bon purchases—to acquire items that could be sold for cash. Fee's testimony was relevant, and the district court did not err in admitting it.

## C. Lay Opinion Testimony

The State also presented the testimony of Chris Pederson, the loss prevention officer at the Bon. Ms. Pederson said that in investigating the forgery, she had compared the signature allegedly affixed by Waller with signatures from transactions using the same card several months before the card was reported stolen. She said that the signatures did not appear to match. Pederson acknowledged that she did not compare the allegedly forged signature to the signature on Conway's credit card and that she had no way to know whether it was Conway who had signed for the earlier purchases. Waller contends that this testimony was inadmissible lay opinion testimony and that it did not meet the I.R.E. 901 standards for authentication of a signature.

Waller's argument regarding Rule 901 is inapposite. That rule addresses requirements for "authentication or identification as a condition precedent to admissibility." I.R.E. 901(a). Pederson's testimony was not offered to identify or authenticate any of the signatures as being that of a particular individual, nor was the testimony foundational for introduction of copies of the signatures. The purpose was to show that the signatures from the earlier transactions looked different from the signature presented in the transaction giving rise to the charged offense. No effort was made through Pederson's testimony to identify who affixed those signatures. Nor was the challenged testimony opinion evidence proffered through a witness who lacked requisite ex-

pertise. Non-experts may present testimony in the form of opinions if the opinions are rationally based on the perception of the witness, helpful to a clear understanding of the witness's testimony or the determination of a fact in issue, and not based on scientific, technical or other specialized knowledge. I.R.E. 701. *See also State v. Missamore,* 119 Idaho 27, 32, 803 P.2d 528, 533 (1990); *State v. Turner,* 136 Idaho 629, 632, 38 P.3d 1285, 1288 (Ct.App.2001). The admission of opinion testimony is discretionary with the trial court, and absent an abuse of discretion, the decision to admit opinion evidence will not be disturbed on appeal. *State v. Enyeart,* 123 Idaho 452, 454, 849 P.2d 125, 127 (Ct.App. 1993). Pederson's testimony was a permissible statement of opinion based on her own observations of the signatures from the separate transactions. Pederson testified as a lay witness, describing the steps she took in her investigation of the transactions, which included comparing the signatures. Such comparison does not require scientific, technical or specialized knowledge. Anyone is capable of looking at two signatures and assessing whether they look alike in shape and style. The probative value of this testimony would have been greater if the signatures from the previous transactions had been identified as those of the card owner, Ryan Conway. Nevertheless, the evidence that the signatures from the separate transactions were dissimilar carries some probative value to show that the signature made after the card was reported stolen was a forgery. Therefore, Pederson's testimony was properly admitted.

## III.

## CONCLUSION

The district court did not err in admitting the testimony of Ms. Hurley, Ms. Fee, or Ms. Pederson. Accordingly, the judgment of conviction entered by the district court is affirmed.

Judge PERRY and Judge GUTIERREZ concur.