**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39847**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 433 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 28, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MARTIN EDMO ISH, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Judgment of conviction and sentence for possession of a controlled substance with a persistent violator enhancement, vacated in part and case remanded.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

---

GUTIERREZ, Chief Judge

Martin Edmo Ish appeals from his judgment of conviction and sentence for possession of a controlled substance with a sentencing enhancement for being a persistent violator. For the reasons set forth below, we vacate the judgment of conviction in part as to the persistent violator enhancement and Ish's sentence and remand the case for a new sentencing hearing.

**I.**

**FACTS AND PROCEDURE**

After Ish was found with a straw containing methamphetamine residue, he was charged with possession of a controlled substance. The State also alleged he was a persistent violator, Idaho Code § 19-2514, contending he had two prior felony convictions. After the first phase of the bifurcated trial, the jury found Ish guilty of possession of methamphetamine. A second phase of the trial was held with regard to the persistent violator enhancement. The State presented evidence establishing Ish's name and date of birth and two key exhibits to establish Ish's prior

1

felony convictions. The first was a minute entry and order of commitment for "Martin Edmo Ish" with a date of birth the same as Ish's, showing a 2003 conviction in Bannock County for possession of over three ounces of marijuana. The second was a minute entry and order for a "Martin Ish" containing no date of birth or other personal identifying information, showing a 1975 conviction in Bannock County for two counts of burglary in the first degree (Exhibit 7). Based on this evidence, the jury found Ish to be a persistent violator.

The district court entered a judgment of conviction for possession of a controlled substance with a persistent violator enhancement and sentenced Ish to a unified term of twelve years, with five years determinate. Ish appeals, challenging the persistent violator enhancement and his sentence.

## II.

## ANALYSIS

Ish contends the evidence was insufficient to find he was a persistent violator. Alternatively, he contends the district court abused its discretion in imposing sentence.

Ish was convicted of being a persistent violator for prior convictions of possession of methamphetamine and two counts of burglary. On appeal, he does not challenge the sufficiency of the prior possession conviction, but contends the evidence establishing the burglary conviction is insufficient as a matter of law to support a persistent violator finding because Exhibit 7 "only contained the same first and last names as Mr. Ish" and no other identifying information.

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

The former convictions relied upon to invoke the persistent violator enhancement must be alleged in the indictment or information and proved at trial. *State v. Cheatham*, 139 Idaho 413, 416, 80 P.3d 349, 352 (Ct. App. 2003); *State v. Martinez*, 102 Idaho 875, 880, 643 P.2d 555, 560 (Ct. App. 1982). Thus, the State is required to establish the identity of the defendant as the person formerly convicted beyond a reasonable doubt. *Cheatham*, 139 Idaho at 416, 80 P.3d at 352; *Martinez*, 102 Idaho at 880, 643 P.2d at 560. A certified judgment of conviction accompanied by mug shots, fingerprint cards, and testimony regarding the similarity of those fingerprints constitutes sufficient evidence to establish identity for purposes of the persistent violator enhancement. *State v. Medrain*, 143 Idaho 329, 332, 144 P.3d 34, 37 (Ct. App. 2006); *Martinez*, 102 Idaho at 880, 643 P.2d at 560. However, a certified copy of a judgment of conviction bearing the same name as the defendant, with nothing more, is insufficient to establish the identity of the person formerly convicted beyond a reasonable doubt. *Medrain*, 143 Idaho at 332-33, 144 P.3d at 37-38. Where a defendant is not sufficiently identified as the same individual who was previously convicted, the judgment of conviction finding him or her to be a persistent violator must be vacated. *State v. Polson*, 92 Idaho 615, 622, 448 P.2d 229, 236 (1968); *Medrain*, 143 Idaho at 332, 144 P.3d at 37.

In response to Ish's contention that the only relevant evidence presented was the same first and last names on Exhibit 7, the State counters by pointing to the fact the burglary conviction was from Bannock County, which is the same county where Ish's current conviction occurred. Additionally, the State asserts that Ish's date of birth established at trial correlated with the fact the conviction in Exhibit 7 occurred when the defendant was a minor, as indicated by a 1975 order contained within the exhibit. The State argues, "The number of people who were under the age of 21 named 'Martin Ish' found in Bannock County in 1975 has to be very limited." The State further surmises that evidence that a felony judgment was previously entered against an individual with the same name, of the same general age, and coming from the same county as Ish was sufficient for the jury to conclude beyond a reasonable doubt that Ish was the same person in Exhibit 7.

The State also cites to the Idaho Supreme Court's decision in *State v. Parton*, 154 Idaho 558, 569, 300 P.3d 1046, 1057 (2013), where the Court rejected Parton's contention that the same name and birthdate was not sufficient to prove he was the person convicted in the prior judgment. In doing so, the Court explained:

3

The [prior] judgment was admitted without objection. The name of the defendant on the judgment was "DARIN WILLIAM PARTON" and his date of birth was "08/31/71," which are identical to Defendant's full name and date of birth. No contradictory evidence was presented, nor was there any argument that Defendant had a common name.

*Id.* at 569, 300 P.3d at 1057. The State asserts that, likewise in this case, there was no contradictory evidence presented that Ish was not the person identified in Exhibit 7, nor was there argument presented that Ish has a common name.

We are convinced the evidence presented was not sufficient to sustain the persistent violator finding by the jury. Despite the State's reliance on *Parton*, it is distinguishable. The State emphasizes the *Parton* Court's statements that there was no contradictory evidence or argument presented; however, the crux of the case was the Court's finding that the same name *and* the same date of birth is sufficient to withstand a sufficiency of the evidence challenge to a persistent violator charge. A date of birth is much more accurate than the evidence presented in this case--where we simply have convictions from the same county and the fact the party in Exhibit 7 was of the same general age as Ish would have been at the time. Moreover, in *Parton* the judgment of conviction bore the same identical full name as that of the defendant. Here, unlike the present conviction and the prior possession conviction, Exhibit 7 did not include Ish's middle name. We hold that the same first and last name, coupled with the fact the convictions were from the same county and that Ish was of the same general age of the defendant in the Exhibit 7 conviction, but without any correlating evidence of his date of birth in the prior judgment, social security number and/or other identifying data, is insufficient to establish his identity beyond a reasonable doubt. *See Medrain*, 143 Idaho at 332-33, 144 P.3d at 37-38.[1]

The erroneous finding that Ish was a persistent violator broadened the district court's sentencing options. *See Medrain*, 143 Idaho at 333, 144 P.3d at 38; *State v. Hernandez*, 120 Idaho 653, 660, 818 P.2d 768, 775 (Ct. App. 1991). Ordinarily, when a discretionary ruling has been tainted by a legal or factual error, we vacate the decision and remand the matter for a new, error-free discretionary determination by the trial court. *Medrain*, 143 Idaho at 333, 144 P.3d at

---

[1] We further note that the fact a prior offense is the same as a present offense may be considered. *See State v. Lawyer*, 150 Idaho 170, 174, 244 P.3d 1256, 1260 (Ct. App. 2010). Here, however, the Exhibit 7 conviction was for burglary, while the 2003 and present offenses were for possession of a controlled substance.

38; *State v. Upton*, 127 Idaho 274, 276, 899 P.2d 984, 986 (Ct. App. 1995). However, the remand may be avoided where it is apparent from the record that the result would not change or a different result would represent an abuse of discretion. *Medrain*, 143 Idaho at 333, 144 P.3d at 38; *Upton*, 127 Idaho at 276, 899 P.2d at 986. Here, we are not convinced beyond a reasonable doubt that the persistent violator finding did not affect the sentence imposed by the district court. The parties discussed the persistent violator enhancement at the sentencing hearing and the district court did not clearly articulate the extent to which it affected the sentence imposed, if at all. *Cf. Medrain*, 143 Idaho at 333, 144 P.3d at 38 (holding, where the sentencing judge stated on the record that the persistent violator enhancement was a "nonissue" at sentencing given the defendant's numerous other felonies, we could say beyond a reasonable doubt the erroneous persistent violator finding did not affect the sentence imposed). As such, Ish is entitled to a new sentencing hearing.

### III.

### CONCLUSION

There was insufficient evidence presented to establish Ish's identity as the defendant in Exhibit 7. Accordingly, Ish's judgment of conviction is vacated in part as to being a persistent violator. Because we cannot say beyond a reasonable doubt that the finding that Ish was a persistent violator did not affect the sentence imposed by the district court, we vacate the judgment of conviction in part as to Ish's sentence and remand the case for a new sentencing hearing.

Judge LANSING and Judge GRATTON **CONCUR.**

5