IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 47209

| STATE OF IDAHO, | ) | |
| --- | --- | --- |
| | ) | Filed: July 15, 2020 |
| Plaintiff-Respondent, | ) | |
| | ) | Melanie Gagnepain, Clerk |
| v. | ) | |
| | ) | |
| JONNA KAY HERNANDEZ, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County. Hon. Gregory FitzMaurice, District Judge.

Judgment of conviction for felony driving under the influence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Jonna Kay Hernandez appeals from her judgment of conviction for felony driving under the influence (DUI). We affirm.

I.

FACTUAL AND PROCEDURAL BACKGROUND

Hernandez was charged with DUI after she was involved in a single-car accident.[1] The DUI charge was enhanced to a felony based on an allegation that Hernandez had two prior DUI

---

[1] Hernandez was also charged with providing a false identity to law enforcement and failure to purchase a driver's license. The disposition of these charges is not at issue in this appeal.

1

convictions within ten years. Following a bifurcated trial on the DUI and the enhancement, the jury found Hernandez guilty of felony DUI. Hernandez appeals.

## II.

## STANDARD OF REVIEW

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

## III.

## ANALYSIS

Hernandez argues there was insufficient evidence to support the felony enhancement because only one of the two certified judgments admitted as evidence of her prior convictions contained sufficient identifying information to prove beyond a reasonable doubt that she was the individual named therein. The State responds that, considering the two judgments together, there was sufficient evidence to support the jury's verdict on the enhancement. We hold that the State presented sufficient evidence from which the jury could conclude, beyond a reasonable doubt, that Hernandez had two prior DUI convictions within the past ten years and, therefore, was guilty of the felony enhancement to the DUI charge in this case.

The State offered two documents to prove that Hernandez had two prior DUI convictions in the past ten years. The documents, admitted as Exhibits 4 and 5, are certified copies of judgments of conviction and orders of probation in two DUI cases from Bingham County, Idaho. Hernandez conceded that Exhibit 5 was a copy of a judgment of conviction entered against her in

2

Bingham County Case No. CR-2015-2330.[2]  Exhibit 5 includes Hernandez's full legal name (Jonna Kay Hernandez), her correct birthdate (4/7/1980), and a driver's license number.  With respect to Exhibit 4, however, Hernandez argued to the jury and argues on appeal that there was insufficient identifying information in that certified judgment to establish beyond a reasonable doubt that she was the defendant named therein.  Exhibit 4 is a judgment of conviction for DUI entered in Bingham County Case No. CR-2015-7471[3] against Jonna K. Hernandez with a birthdate of 4/4/1980.  Exhibit 4 also lists a different street address than Exhibit 5, but both addresses are located in Aberdeen, Idaho.  According to Hernandez, the discrepancies in her name, birthdate, and address foreclosed the jury from finding beyond a reasonable doubt that she was the individual identified in Exhibit 4.  We disagree.

Exhibit 4 was sufficient to support the felony DUI enhancement as long as a reasonable trier of fact could conclude that the individual identified therein was Hernandez.  In *State v. Parton*, 154 Idaho 558, 300 P.3d 1046 (2013), the Idaho Supreme Court considered what evidence is sufficient to prove a persistent violator enhancement based on prior judgments of conviction.  The defendant argued that, as a matter of law, the same name and same birthdate were insufficient to prove identity for purposes of a prior conviction.  *Id.* at 569, 300 P.3d at 1057.  The Court disagreed, explaining:

> The name of the defendant on the [prior] judgment was "DARIN WILLIAM PARTON" and his date of birth was "08/31/71," which are identical to Defendant's full name and date of birth.  No contradictory evidence was presented, nor was there any argument that Defendant had a common name.  The jury was not required to reach its verdict beyond any possible doubt.  It was only required to conclude, beyond a reasonable doubt, that the Darin William Parton named in the Washington judgment was the same Darin William Parton on trial in this case.  The jury's verdict finding that it was is supported by substantial evidence.

*Id.* at 569-70, 300 P.3d at 1057-58.

---

[2]     The judgment admitted as Exhibit 5 also relates to Bingham County Case No. CR-2015-3034 in which Hernandez was convicted of petit theft and receiving or possessing fraudulently obtained goods.

[3]     The judgment admitted as Exhibit 4 also relates to Bingham County Case No. CR-2016-125 in which Hernandez was convicted of driving without privileges.

This Court considered a similar question in *State v. Ish*, 161 Idaho 823, 392 P.3d 1 (Ct. App. 2014). In *Ish*, the State submitted two prior judgments in support of a persistent violator enhancement. The first was a 2003 Bannock County minute entry and order of commitment for "Martin Edmo Ish," which reflected the defendant's date of birth and showed a conviction for possession of over three ounces of marijuana. *Id.* at 824, 392 P.3d at 2. The second was a 1975 Bannock County minute entry and order for "Martin Ish" showing a conviction for two counts of burglary. *Id.* The second minute entry and order did not have a birthdate or any other personal identifying information. *Id.* This Court rejected the State's argument that the second minute entry and order had sufficient identifying information from which the jury could conclude it related to the defendant. We held:

> [T]he same first and last name, coupled with the fact the convictions were from the same county and that Ish was of the same general age of the defendant in [the challenged] conviction, but without any correlating evidence of his date of birth in the prior judgment, social security number and/or other identifying data, is insufficient to establish his identity beyond a reasonable doubt.

*Id.* at 826, 392 P.3d at 4. In reaching this conclusion, we distinguished *Parton*:

> The State emphasizes the *Parton* Court's statements that there was no contradictory evidence or argument presented; however, the crux of the case was the Court's finding that the same name *and* the same date of birth is sufficient to withstand a sufficiency of the evidence challenge to a persistent violator charge. A date of birth is much more accurate than the evidence presented in this case--where we simply have convictions from the same county and the fact the party in [the challenged conviction] was of the same general age as Ish would have been at the time. Moreover, in *Parton* the judgment of conviction bore the same identical full name as that of the defendant. Here, unlike the present conviction and the prior possession conviction, [the challenged conviction] did not include Ish's middle name.

*Id.* at 825-26, 392 P.3d at 3-4.

Relying on *Ish*, Hernandez argues that the identifying information contained in Exhibit 4 was insufficient to prove she is the person named therein. We are not persuaded. Unlike *Ish*, there was sufficient identifying information from which the jury could have concluded beyond a reasonable doubt that Hernandez is the individual named in Exhibit 4. That information includes Hernandez's name, general age (born in 1980), and the county of conviction (Bingham). Although Exhibit 4 only included Hernandez's middle initial (K) rather than her full middle name (Kay), the jury could consider the nearly identical names in linking Hernandez to

4

Exhibit 4. The jury could also consider the fact that Exhibit 4 was for the same offense as charged in the present case--DUI--and was the same offense of conviction as Exhibit 5, which Hernandez conceded was hers. *See Ish*, 161 Idaho at 826 n.1, 392 P.3d at 4 n.1 (noting that the fact a prior offense is the same as the present offense may be considered).

There are two additional significant pieces of identifying information that further support the jury's conclusion that Hernandez was the individual subject to the conviction in Exhibit 4. First, there are the signatures of the defendant that appear on both Exhibit 4 and Exhibit 5. The signatures appear at the end of a list of probation terms and conditions in both judgments. The signature certifies that the defendant who signed each judgment of conviction acknowledged that she accepted the enumerated terms and conditions. The jury could compare the two signatures and conclude that the same individual signed both judgments of conviction. *Cf. State v. Waller*, 140 Idaho 764, 767, 101 P.3d 708, 711 (Ct. App. 2004) (affirming the admission of lay testimony regarding the similarity between different signatures because "[a]nyone is capable of looking at two signatures and assessing whether they look alike in shape and style"). Although the State did not present extrinsic evidence that Hernandez signed either judgment of conviction, such evidence was unnecessary because Hernandez *conceded* that she is the defendant named in Exhibit 5. Based upon this concession, the jury could reasonably conclude that Hernandez signed Exhibit 5. By comparing that signature to the one on Exhibit 4, a reasonable jury could find that Hernandez signed both judgments of conviction if the signatures were found to be sufficiently similar and, consequently, that Hernandez is the individual named in both judgments of conviction.

Second, there are handwritten interlineations in Exhibit 4 that reference Exhibit 5. Exhibit 4 imposed a probation period that ran concurrently with one imposed in another case. The typed case number in Exhibit 4 referencing the other case is interlineated and the case number associated with Exhibit 5 (Case No. CR-15-2330) is handwritten above. The probation period imposed in Exhibit 4 could not run concurrently with the probation period imposed in Exhibit 5 unless the same individual was serving both probation periods. Hernandez, however, contends that the handwritten interlineations could not be considered as evidence of identity because they are neither initialed nor dated by the person who made them. We disagree. A party offering as evidence a public record produced by a public officer, like a judgment of conviction,

is not required to explain alterations appearing on the document. *See State v. Polson*, 93 Idaho 912, 914, 478 P.2d 292, 294 (1970). Additionally, the actions and judgments of trial courts enjoy a presumption of regularity and validity. *See State v. Wolfe*, 158 Idaho 55, 61, 343 P.3d 497, 503 (2015); *State v. Mason*, 102 Idaho 866, 869, 643 P.2d 78, 81 (1982). The presumption of regularity that attaches to official acts applies in criminal cases. *State v. Wendler*, 83 Idaho 213, 218, 360 P.2d 697, 699 (1961). No evidence was presented suggesting that the interlineations occurred after the judgment was entered. Consequently, the jury could, but was not required to, infer that the interlineations in Exhibit 4 were genuine. *Cf. State v. Hebner*, 108 Idaho 196, 200, 697 P.2d 1210, 1214 (Ct. App. 1985) (observing that permissive inferences are constitutional in a criminal case, but conclusive presumptions are not). Such an inference further links Exhibit 4 with Exhibit 5.

In sum, the totality of the evidence supports the jury's finding that Hernandez is the individual identified in Exhibit 4. Although there is some conflicting evidence in the record (i.e., the three-day discrepancy between the birthdates and the different street addresses stated in the two judgments of conviction), this did not foreclose the jury's determination that there was sufficient evidence to support its conclusion, beyond a reasonable doubt, that Hernandez was the subject of the conviction reflected in Exhibit 4. *See State v. Osborne*, 130 Idaho 365, 371, 941 P.2d 337, 343 (Ct. App. 1997) (recognizing that evidence supporting a jury verdict can be substantial despite the presence of conflicting evidence in the record). Considered together, the similarity of Hernandez's name to the one stated in Exhibit 4, the link between Exhibit 4 and Exhibit 5, and Hernandez's concession that she is the individual named in Exhibit 5 provide substantial evidentiary support to the jury's finding that Hernandez is the individual named in Exhibit 4. *See State v. Brezillac*, 573 P.2d 1343, 1345 (Wash. Ct. App. 1978) (holding the presence of judgments lacking sufficient identifying information along with judgments "solidly connected" to the defendant in a single, certified prison record constituted independent evidence of identity). Consequently, Hernandez's challenge to the jury's finding that she pled guilty to or was found guilty of DUI twice in the ten years preceding her being found guilty of DUI in this case fails.

## IV.
## CONCLUSION

6

There was sufficient evidence presented to establish Hernandez's identity as the defendant identified in Exhibit 4. Hernandez has failed to show that the jury's verdict lacks substantial evidentiary support. Accordingly, Hernandez's judgment of conviction for felony DUI is affirmed.

Chief Judge HUSKEY and Judge GRATTON, **CONCUR**.