# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 47553

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

MARK CHARLES WILSON,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: February 22, 2021

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Custer County. Hon. Joel E. Tingey, District Judge.

Judgment of conviction for unlawful possession of a firearm and persistent violator enhancement, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Chief Judge

Mark Charles Wilson appeals from his judgment of conviction for unlawful possession of a firearm, Idaho Code § 18-3316, with a persistent violator sentencing enhancement, I.C. § 19-2514. On appeal, Wilson argues he is entitled to a judgment of acquittal on the charge of unlawful possession of a firearm and that the district court's denial of his motion for judgment of acquittal on the persistent violator enhancement should be reversed. For the reasons set forth below we affirm the judgment of conviction and the district court's denial of the motion for judgment of acquittal.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Wilson with unlawful possession of a firearm with a persistent violator enhancement. Wilson entered a not guilty plea and proceeded to trial. In a bifurcated trial, the

1

jury returned a guilty verdict on the unlawful possession of a firearm charge and then a guilty verdict on the persistent violator enhancement.

Prior to trial, Wilson admitted to all but one of the material elements related to the charge of unlawfully possessing a firearm: Wilson admitted he knowingly possessed a firearm on the date in the place alleged, but he did not admit to having been previously convicted of a felony. Wilson moved to exclude any evidence not relevant to the remaining element. The district court accepted Wilson's admissions and confirmed that the sole issue in the trial would be whether Wilson was a felon at the time he possessed a firearm.

During trial, the State presented evidence of two prior convictions: a 2006 Idaho conviction for battery with intent to commit a serious felony and a 1990 Michigan conviction for second degree criminal sexual conduct. The State presented testimony from one witness, Levi Maydole, who had been employed by the Custer County Sheriff's Department for about nineteen years. The State introduced three exhibits. Exhibit 1 was a certified copy of a judgment and order of commitment in Custer County, Idaho, against "Mark Charles Wilson" reflecting a 2006 felony conviction for battery with intent to commit a serious felony. Exhibit 1 displayed a birthdate and a social security number. Exhibit 2 was a certified copy of a judgment of sentence issued by a Michigan court against "Mark Charles Wilson" reflecting a 1990 conviction for second degree criminal sexual conduct. Exhibit 2 displayed the same birthdate as the Idaho conviction. Exhibit 3 was a current version of Section 750.520(c) of the Michigan Penal Code defining the crime of criminal sexual conduct in the second degree as a felony. Exhibit 3 indicated that the statute had been amended five times since 1990.

Deputy Maydole testified that he was a deputy in Custer County in 2006, he knew who Wilson was and that Wilson was charged and pleaded guilty to the felony battery charge reflected in Exhibit 1. Deputy Maydole testified that he was not involved in the investigation or prosecution of that crime. Deputy Maydole acknowledged that he did not know Wilson's date of birth from memory without looking at Exhibit 1, but testified that the date of birth on Exhibit 1 was the same date of birth Wilson provided to Deputy Maydole in 2018 when Maydole arrested and booked Wilson into jail for a separate offense. Maydole also testified that during the booking process, Wilson said he was not allowed to possess a firearm.

Further, Deputy Maydole testified that his investigation into Wilson's criminal history indicated that Exhibit 2 reflected a Michigan conviction for "the same Mark Charles Wilson."

2

Deputy Maydole stated that the statute listed in the Michigan judgment of conviction defined criminal sexual conduct in the second degree as a felony. He also stated that he was not involved in the investigation or prosecution of the Michigan crime.

After the close of the State's evidence, Wilson moved for an Idaho Criminal Rule 29 judgment of acquittal. Wilson argued that because the Michigan statute offered by the State was the 2019 version of the statute, there was insufficient evidence that the offense was a felony in 1990. Wilson also argued that there was insufficient evidence to prove he was the "Mark Charles Wilson" in the Michigan case. In response, the State argued there was sufficient evidence that Wilson was the defendant in the Michigan case. Wilson did not challenge the Idaho conviction.

The district court found the State had presented sufficient evidence as to whether Wilson was the defendant in the Michigan case for the question to go to the jury. The district court expressed concern over letting the jury determine whether the conviction was a felony conviction and believed that it was a legal question for the court to resolve. The State agreed that it was a question of law and asked the district court to instruct the jury that the Michigan conviction was a felony conviction and to consider only whether Wilson was the defendant in the Michigan case. Wilson opposed the State's proposed instruction, arguing that whether the conviction was a felony conviction was a question for the jury.

The district court denied Wilson's motion for judgment of acquittal. After a brief recess, the district court stated that it was required to make an inquiry as to whether the Michigan conviction was a felony conviction and found that it was. The district court then instructed the jury that in order to find Wilson guilty of unlawful possession of a firearm, it would need to find that Wilson was convicted in either the Michigan case or the Idaho case. Wilson presented no evidence and did not testify. The jury returned a verdict finding Wilson guilty of unlawful possession of a firearm.

The district court proceeded to the second phase of the trial, addressing the persistent violator enhancement. The district court instructed the jury that it should find Wilson was convicted of two prior felonies if it found that he was the defendant convicted in the 1990 Michigan case and the 2006 Idaho case. Neither party presented additional evidence. The jury returned a verdict finding that Wilson was convicted in the Michigan and Idaho cases.

Wilson filed a motion for judgment of acquittal on the persistent violator enhancement pursuant to Idaho Criminal Rule 29. He argued that the district court erred when it found that the

question of whether the Michigan conviction constituted a felony was a legal question and did not allow the question to go to the jury. Wilson also argued that the State failed to present sufficient evidence that the Michigan crime was a felony.

At the motion hearing, Wilson asked the district court to both remand the case for a new trial and enter an order of acquittal on the persistent violator enhancement. The State argued there was sufficient evidence that the Michigan conviction was a felony conviction such that the motion for acquittal should be denied. The State said it thought Wilson was attempting to file a motion for a new trial, which the State felt was "probably the more valid motion." Wilson did not respond to the State's suggestion that he was attempting to move for a new trial as opposed to a motion for judgment of acquittal. The district court denied Wilson's motion for judgment of acquittal, construed the motion as asking for alternative relief in the form of a new trial on the enhancement, and granted that relief based on its determination that whether the Michigan conviction was a felony was a question for the jury.

Prior to the new trial, Wilson pleaded guilty to the persistent violator enhancement and reserved the right to appeal "any and all decisions that the Court has made to this point." The district court accepted the plea and imposed a unified term of incarceration of fifteen years, with three years determinate. Wilson timely appeals.

## II.

## STANDARD OF REVIEW

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

4

The test applied when reviewing the district court's ruling on a motion for judgment of acquittal is the same: we determine whether the evidence was sufficient to sustain a conviction of the crime charged. *State v. Stell*, 162 Idaho 827, 831, 405 P.3d 612, 616 (Ct. App. 2017).

## III.

## ANALYSIS

Wilson argues he is entitled to a judgment of acquittal on the charge of unlawful possession of a firearm because the State failed to present the jury with sufficient evidence that he was previously convicted of a felony. In the alternative, Wilson argues that the district court's denial of his motion for judgment of acquittal on the persistent violator enhancement should be reversed because the evidence was insufficient to support a finding that Wilson had two prior felony convictions. In response, the State asserts that the conviction for unlawful possession of a firearm should be affirmed because the evidence was sufficient to establish that Wilson was previously convicted of a felony. The State also asserts that Wilson has not preserved any claim challenging his identity in the prior felony cases and, therefore, cannot raise such a challenge now. Additionally, the State asserts that the district court did not err in denying Wilson's motion for judgment of acquittal on the persistent violator enhancement because the evidence presented was sufficient for the jury to conclude that Wilson was the defendant in the Michigan and Idaho cases and that the Michigan conviction was a felony conviction.

**A.    Wilson's Conviction for Unlawful Possession of a Firearm Is Supported By Substantial Evidence**

Wilson argues he is entitled to a judgment of acquittal on his conviction for unlawfully possessing a firearm because the State did not present sufficient evidence to support the jury verdict. Wilson asserts that the State's evidence was legally insufficient to prove that he was the defendant identified in the prior convictions. In response, the State asserts that the evidence was sufficient to establish that Wilson was the defendant in the Idaho case.

To prove Wilson unlawfully possessed a firearm, the State had to prove beyond a reasonable doubt that Wilson had a prior felony conviction and that he knowingly possessed a firearm. I.C. § 18-3316. Wilson admitted to knowingly possessing a firearm on the date and in the place alleged. Thus, the State was left to prove that Wilson had one prior felony conviction. Accordingly, the State's burden of proof could have been satisfied by proving that Wilson was the defendant in either the Michigan or Idaho conviction.

5

The identifying information in the Idaho judgment of conviction, coupled with Deputy Maydole's testimony, constitutes substantial evidence to establish Wilson's identity as the Mark Charles Wilson in the Idaho conviction. The former convictions relied upon to invoke the persistent violator enhancement must be alleged in the indictment or information and be proved at trial beyond a reasonable doubt. *State v. Harris*, 160 Idaho 729, 730, 378 P.3d 519, 520 (Ct. App. 2016). The State bears the burden of identifying the defendant as the same individual identified in the prior convictions. *State v. Lovejoy*, 60 Idaho 632, 637, 95 P.2d 132, 134 (1939); *State v. Medrain*, 143 Idaho, 329, 332, 144 P.3d 34, 37 (2008). A certified copy of a judgment of conviction bearing the same name as the defendant, with nothing more, is insufficient to establish the identity of the person formerly convicted beyond a reasonable doubt. *State v. Ish*, 161 Idaho 823, 825, 392 P.3d 1, 3 (Ct. App. 2014). However, the same name and the same date of birth is sufficient to withstand a sufficiency of the evidence challenge to a persistent violator charge. *Id.*

In this case, the State introduced a copy of the judgment of conviction in an Idaho case that reflected the conviction of a "Mark Charles Wilson" and listed a birthdate. Deputy Maydole testified that in 2006, he knew Wilson and was aware that Wilson was charged with and pleaded guilty to a felony battery charge. Deputy Maydole also testified that when he arrested Wilson in 2018, Wilson provided Deputy Maydole with the same date of birth listed on the judgment of conviction in the Idaho case and acknowledged that he was not allowed to possess a firearm.

The copy of the Idaho judgment of conviction, taken together with Deputy Maydole's testimony, established that the person listed on the 2006 judgment of conviction was the same person Deputy Maydole arrested in 2018 and was the same person (Wilson) charged with unlawfully possessing a firearm. Accordingly, there was substantial evidence that Wilson had at least one prior felony conviction, which supports the jury's guilty verdict for unlawful possession of a firearm; consequently, we affirm Wilson's judgment of conviction for unlawful possession of a firearm.

**B.     The District Court Did Not Err in Denying Wilson's Motion for Judgment of Acquittal on the Persistent Violator Enhancement**

Wilson argues the district court erred in denying his motion for judgment of acquittal on the persistent violator enhancement. Wilson claims that the State failed to establish that he had two prior felony convictions for two reasons. First, the State failed to prove that Wilson was the defendant identified in the Michigan and Idaho cases. Second, the State failed to prove that the Michigan conviction was for a felony. In response, the State contends that the evidence was

sufficient to establish that Wilson was the defendant in both cases and that the Michigan conviction was a felony conviction.

As explained above, the evidence was sufficient to establish that Wilson was the same Mark Charles Wilson identified in the Idaho judgment of conviction. While it is true that Wilson challenged whether he was the defendant in the Michigan conviction for purposes of the unlawful possession charge, he made no such challenge to the persistent violator enhancement. The only challenge Wilson made to the persistent violator enhancement was whether the Michigan conviction constituted a felony; he admitted his identity in both prior convictions as part of the plea colloquy. Thus, Wilson never argued that as part of the persistent violator enhancement, there was insufficient evidence of his identity in the two prior convictions.[1] Even if we considered that argument, the evidence was sufficient to establish that Wilson was the defendant listed in the Michigan judgment. The name and date of birth on the Idaho and Michigan judgments of conviction are identical. Because the evidence was sufficient to establish that Wilson was the defendant in the Idaho conviction, when coupled with the Michigan information, it is also sufficient to support the jury's conclusion that based on the identical identifying information, Wilson was the defendant in the Michigan case.

Wilson also argues the State failed to present substantial evidence to support a finding that the Michigan offense constituted a felony at the time of his conviction. In addition to proving that the defendant was the individual in the prior convictions, the State also has the burden of proving the prior crimes were felonies. *State v. Pacheco*, 134 Idaho 367, 372, 2 P.3d 752, 757 (Ct. App. 2000); *State v. Smith*, 116 Idaho 553, 560, 777 P.2d 1226, 1233 (Ct. App. 1989). The State may satisfy the latter burden by producing copies of judgments specifically identifying the crimes as felonies or, if the judgments were not so specific, by offering admissible copies of the felony statutes applicable to the crimes recited in the judgments. *Smith*, 116 Idaho at 560, 777 P.2d at 1233.

The State offered a copy of the Michigan judgment, which indicated that Wilson had been convicted of second degree criminal sexual conduct and sentenced to a year in jail, as well as a

---

[1] While the State argues that the issue of identity as to the Michigan conviction was not preserved for our review, we need not directly address that issue as we have concluded that sufficient evidence was, nonetheless, presented to support the conclusion that Wilson was the defendant in the Michigan conviction.

copy of the Michigan statute in effect at the time of trial in 2019, which defines second degree criminal sexual conduct as a felony. The copy of the Michigan statute indicates the statute was amended five times between Wilson's conviction in 1990 and the trial in the present case. Wilson asserts that the current copy of the statute produced by the State provided no basis to support a finding that the 1990 conviction was for a felony because the statute had been amended after his conviction.

This Court has held that the State does not have the burden, *sua sponte*, of disproving a speculative and unasserted possibility that a statute has been amended to designate the crime as a felony instead of a misdemeanor sometime after the commission of the crime. *Id.* at 560, 777 P.2d at 1233. In *Smith*, the defendant argued that the evidence was insufficient to support a persistent violator enhancement because the State introduced the current version of the relevant statutes, not those in effect when he committed the crimes, which did not eliminate the possibility that the crimes were misdemeanors rather than felonies when he committed them. *Id.* This Court rejected that argument, finding the State needed only to produce copies of the judgments identifying the crimes as felonies or copies of the felony statutes applicable to the crimes recited in the judgments. *Id.* We explained that if Smith thought the proffered statutes were not actually applicable, or that the statutes did not define the crimes as felonies at pertinent times, these were matters of defense for him to raise. *Id.* Had Smith done so by making a threshold showing that the State had presented erroneous judgments or relied on improper statutes, the State would have been required to meet the issues framed and carry its burden of proof, however, Smith failed to raise such an issue. *Id.*

Wilson argues that this case is distinguishable from *Smith* because Wilson framed the issue at trial and because the State failed to negate any potential defense based on the amendments. Wilson is correct that here, unlike in *Smith*, Wilson noted at trial that the Michigan statute the State admitted was a copy of the current law which had been amended since the date of conviction. However, Wilson did nothing more than speculate that the statutory amendments might have changed the conduct from a misdemeanor to a felony. Because Wilson presented no evidence in support of the possibility that the amendments related to the status of the crime--either misdemeanor or felony--as opposed to some other form of the amendment--he did not make a threshold showing that the State was relying on an improper statute. Consequently, the State was not required to disprove the possibility that the statute had previously defined the conduct as a misdemeanor.

Wilson argues that because the legislative history presented by the State did not negate the possibility that the statute was amended to change a misdemeanor into a felony, the State was obligated to present the version of the statute in effect on the date of conviction. Although in *Smith*, the State introduced legislative history which negated any potential defense based on possible statutory amendments, this Court found that such a showing by the State was not required. *Id.* The same is true in this case. The State met its burden by offering an admissible copy of the felony statute applicable to the crime of second degree criminal sexual conduct. Wilson's speculative comment that the statute may have been amended from a misdemeanor to a felony in the time since his conviction did not make a threshold showing that the statute was inapplicable or erroneous. The State was not required to disprove the possibility that the statute had been amended from a misdemeanor to a felony in the time since Wilson's conviction in 1990. Thus, the State provided sufficient evidence such that a rational trier of fact could conclude that Wilson's Michigan conviction was a felony conviction.

Wilson also asserts that the holding in *Smith* is manifestly wrong because it impermissibly diminishes the State's burden of proving an essential element beyond a reasonable doubt and instead creates a rebuttable presumption, shifting the burden to the defendant to disprove the State's allegations. We disagree. Requiring a defendant to make a threshold showing to support a claim that a statutory amendment changed the nature of the statute from a misdemeanor to a felony does not impermissibly shift the burden of proof to the defendant. Instead, it requires that the defendant do more than raise an unsupported allegation that such an amendment occurred before requiring the State to disprove the allegation.

Based on the evidence presented by the State, a rational trier of fact could conclude that Wilson was the defendant identified in the Michigan and Idaho cases and that the Michigan conviction was for a felony and, therefore, the persistent violator enhancement was proven beyond a reasonable doubt. Thus, we affirm the district court's decision denying Wilson's motion for judgment of acquittal on the persistent violator enhancement.

## IV.

## CONCLUSION

The evidence was sufficient to support the jury's guilty verdict for unlawful possession of a firearm. Similarly there was sufficient evidence for a rational trier of fact to conclude that Wilson

had two prior felony convictions. Accordingly, we affirm Wilson's conviction for unlawful possession of a firearm with a persistent violator enhancement, as well as the district court's denial of Wilson's motion for judgment of acquittal.

Judge GRATTON and Judge Pro Tem MELANSON **CONCUR**.