**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52188**

| | |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>WILLIAM ALLEN HANNING,<br><br>      Defendant-Appellant. | )<br>)  **Filed: January 16, 2026**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment of conviction for battery on a law enforcement officer and being a persistent violator, affirmed in part, vacated in part, and case remanded.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge Pro Tem

William Allen Hanning appeals from his judgment of conviction for battery on a law enforcement officer and being a persistent violator. We affirm in part, vacate in part, and remand for further proceedings.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Hanning was arrested after officers found him walking on the side of a highway and believed he was intoxicated. While at the jail, Hanning was placed in restraints, including a spit hood, because of his uncooperative behavior. After about six hours, Hanning allegedly spit on an officer through the spit hood. Hanning was charged with felony battery upon a law enforcement officer and misdemeanor pedestrian under the influence.

1

Prior to trial, the State filed a notice of intent to present bodycam footage of comments Hanning made while he was restrained at jail, including that he would "spit in their faces," had "spit in many cops faces," would "spit in their face f***ers," and that the deputies are "[n-words] and b**ches." Hanning objected, arguing this evidence was irrelevant I.R.E. 404(b) evidence not fitting within any exception. The district court allowed the evidence to be presented at trial but omitted comments Hanning made threatening to "kill cops." The jury was instructed to not consider the admitted evidence for any purpose other than for which it was admitted.

The State's motion to dismiss the pedestrian under the influence charge was granted, as was the State's motion to file an amended information adding the persistent violator sentencing enhancement. The State alleged Hanning had five prior felony convictions:

1. On or about the 26th day of May, 2004 in Snohomish County, Washington, the defendant was convicted of the felony crime of Unauthorized Use of a Motor Vehicle;

2. On or about the 27th day of December, 2004, in San Diego County, California, the defendant was convicted of the felony crime of Unauthorized Use of a Motor Vehicle;

3. On or about the 21st day of August, 2008, in Okanogan County, Washington, the defendant was convicted of the felony crime of Burglary;

4. On or about the 19th day of January, 2011, in Benton County, Washington, the defendant was convicted of the felony crime of Malicious Mischief-2;

5. On or about the 28th day of January, 2019, in Yellowstone County, Montana, the defendant was convicted of the felony crime of Assault with a Deadly Weapon.

The district court then held a one-day, bifurcated trial. After testimony from the officers and the presentation of the bodycam footage, Hanning was found guilty of battery on a law enforcement officer. I.C. §§ 18-903, 18-915(2). Before the start of part two of the trial (the persistent violator allegation) and outside the jury's presence, Hanning objected to consideration of the 2004 San Diego, California, conviction as a prior felony conviction for the enhancement and to the presentation of any evidence related to that conviction. The State responded that one of the Washington judgments included a criminal history table which listed a December 2004 conviction in San Diego County, California. The district court allowed the California conviction to be considered by the jury. The State also asked the district court to take judicial notice of a certified copy of the amended information to prove Hanning's date of birth. Hanning objected, arguing judicial notice was inappropriate because it was "essentially compelling" his testimony via his prior affirmation that he was the individual in the amended information. He also argued the State

2

could not use the amended information as evidence against him.  The district court granted the State's motion and took judicial notice of the amended information to prove Hanning's date of birth.  The district court then instructed the jury that the amended information was proof of Hanning's date of birth.  At the conclusion of part two of the trial, Hanning was found to be a persistent violator.  I.C. § 19-2514.  The district court sentenced Hanning to a unified term of fifteen years, with a minimum period of confinement of five years, for battery on a law enforcement officer, which included the enhancement for being a persistent violator.  Hanning appeals.

## II.

## STANDARD OF REVIEW

A trial court's evidentiary rulings are reviewed for an abuse of discretion.  *State v. Ewing*, 572 P.3d 706, 711 (2025).  When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court:  (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason.  *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

### A.     Idaho Rule of Evidence 404(b)

Hanning argues the district court erred in admitting bodycam footage showing statements of his intent to spit on the officers, statements of having in the past spit on officers, and insulting swear words and racial epithets yelled at the officers.  The State responds that the district court did not err in admitting this evidence because it was evidence of Hanning's intent, his state of mind, and his lack of accident.

The evidence rule in question, I.R.E. 404(b), provides, in pertinent part:

> (1)     Prohibited Uses.  Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> (2)     Permitted Uses; Notice in a Criminal Case.  This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

3

This rule prohibits introduction of evidence of acts other than the crime for which a defendant is charged if its probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior. *State v. Grist*, 147 Idaho 49, 54, 205 P.3d 1185, 1190 (2009). Of course, evidence of another crime, wrong, or act may implicate a person's character while also being relevant and admissible for some permissible purpose, such as those listed in the rule. *See State v. Pepcorn*, 152 Idaho 678, 688-89, 273 P.3d 1271, 1281-82 (2012).

When determining the admissibility of evidence to which an I.R.E. 404(b) objection has been made, the trial court must first determine whether there is sufficient evidence of the other acts that a reasonable jury could believe the conduct actually occurred. If so, then the trial court must consider: (1) whether the other acts are relevant to a material and disputed issue concerning the crime charged, other than propensity; and (2) whether the probative value is substantially outweighed by the danger of unfair prejudice. *Grist*, 147 Idaho at 52, 205 P.3d at 1188; *State v. Parmer*, 147 Idaho 210, 214, 207 P.3d 186, 190 (Ct. App. 2009). On appeal, this Court defers to the trial court's determination that there is sufficient evidence of the other acts if it is supported by substantial and competent evidence in the record. *Parmer*, 147 Idaho at 214, 207 P.3d at 190.

In the past, this Court has interpreted the scope of conduct covered by I.R.E. 404(b) broadly to include evidence that reflects poorly on a person's character. *See State v. Sheldon*, 145 Idaho 225, 228, 178 P.3d 28, 31 (2008) (concluding cash found during a vehicle search was evidence of the alleged drug trafficking crime and not I.R.E. 404(b) prior bad-acts evidence); *State v. Whitaker*, 152 Idaho 945, 949, 277 P.3d 392, 396 (Ct. App. 2012) (concluding that evidence that does not evince criminality but reflects negatively on character is subject to I.R.E. 404(b)); *State v. Pullin*, 152 Idaho 82, 87, 266 P.3d 1187, 1192 (Ct. App. 2011) (holding evidence found inside of a car was not evidence of a prior crime, wrong, or other act, but merely part of the same criminal episode). Evidence is subject to I.R.E. 404(b) if it bears upon a defendant's character and is not intrinsic to the crimes charged. *Whitaker*, 152 Idaho at 949, 277 P.3d at 396. Evidence is intrinsic when it and evidence of the crime charged are inextricably intertwined, both acts are part of a single criminal episode, or it was a necessary preliminary to the crime charged. *Id.* Evidence is inextricably intertwined when it is so interconnected with the charged offense that a complete account of the charged offense could not be given to the jury without disclosure of the uncharged misconduct. *Id.*

Here, Hanning contends the district court erred in admitting portions of the bodycam footage. The district court excluded footage depicting Hanning threatening to "kill cops," finding it was highly prejudicial to him. The district court determined that the rest of the footage, including Hanning's "expletive, derogatory comments about law enforcement," was relevant to intent. However, the I.R.E. 404(b) analysis was unnecessary because the footage of Hanning while in custody was directly intertwined with the charged offense of battery on a law enforcement officer. The footage shows Hanning with the officer in the hours leading up to the incident. The acts in question are not "other acts" as described in I.R.E. 404(b). Instead, the footage is so interconnected as to be part of a single criminal episode and provided necessary preliminary background to the crime charged. Accordingly, I.R.E. 404(b) did not extend to the bodycam footage illustrating Hanning's behavior surrounding the alleged crime.

While the evidence was not subject to I.R.E. 404(b), we must still determine whether it was properly admitted. The question of whether evidence is relevant is reviewed de novo, while the decision to admit relevant evidence is reviewed for abuse of discretion. *State v. Shutz*, 143 Idaho 200, 202, 141 P.3d 1069, 1071 (2006). Evidence that is relevant to a material and disputed issue concerning the crime charged is generally admissible. *State v. Garcia*, 166 Idaho 661, 670-71, 462 P.3d 1125, 1134-35 (2020). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. I.R.E. 401; *Garcia*, 166 Idaho at 670, 462 P.3d at 1134. Whether a fact is of consequence or material is determined by its relationship to the legal theories presented by the parties. *State v. Johnson*, 148 Idaho 664, 671, 227 P.3d 918, 925 (2010).

Hanning argues the specific racial epithets and swear words he used were not relevant to the battery. However, Hanning's behavior while detained made it more probable that he did spit on the officer. Hanning's use of racial epithets and swear words illustrated the mental state he was in leading up to the alleged battery and was relevant to intent and lack of mistake or accident. The district court omitted portions of the bodycam footage showing Hanning threatening to "kill cops." The remaining bodycam footage was relevant to prove the battery on a law enforcement officer.

Having concluded the bodycam footage was relevant, the final consideration is whether the district court abused its discretion in admitting the edited bodycam footage. Idaho Rule of Evidence 403 provides that relevant evidence may be excluded if its probative value is

substantially outweighed by a danger of unfair prejudice. Here, the evidence was of obvious probative value. The district court perceived whether to admit portions of the bodycam footage as an issue of discretion and properly exercised such discretion. The district court, in an abundance of caution, chose to omit portions of the bodycam footage showing Hanning threatening to "kill cops." The remaining bodycam footage, while vulgar, was an accurate account of Hanning's mental and emotional state leading up to spitting on the officer. While it was likely prejudicial to Hanning, the district court, in an exercise of discretion, determined that it was not unfairly prejudicial--in other words, that its probative value was not substantially outweighed by the danger of unfair prejudice. We presume that the jury followed the district court's instructions. *See State v. Kilby*, 130 Idaho 747, 751, 947 P.2d 420, 424 (Ct. App. 1997); *State v. Hudson*, 129 Idaho 478, 481, 927 P.2d 451, 454 (Ct. App. 1996).[1] Hanning has not shown that the district court abused its discretion by admitting the evidence.

## B. Persistent Violator Enhancement

On appeal, the State concedes the district court erred in taking judicial notice of the State's amended information and admitting it as an exhibit to prove Hanning's date of birth and that he was, therefore, the same person convicted of the alleged prior felonies. The State's amended information was the only evidence admitted to prove that Hanning was the same person. The State concedes this error was not harmless and that Hanning is entitled to vacation of his judgment of conviction for being a persistent violator.

A trial court's decision to take judicial notice of an adjudicative fact is a determination that is evidentiary in nature and governed by I.R.E. 201. *Fortin v. State*, 160 Idaho 437, 442, 374 P.3d 600, 605 (Ct. App. 2016).

Idaho Rule of Evidence 201(b) states that a trial court may take judicial notice of a fact that is "not subject to reasonable dispute" because that fact is "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy

---

[1] Hanning argues that, because the bodycam footage shows that he repeatedly used racial epitaphs and swear words, the evidence is cumulative and should be excluded under I.R.E. 403, which excludes needlessly cumulative evidence. Hanning has not shown that his repeated use of vulgar language and swear words is the needlessly cumulative evidence contemplated by I.R.E. 403. We therefore reject that argument.

cannot reasonably be questioned." Hanning's birthdate was subject to reasonable dispute. There is no reason to believe that the birthdate on the State's amended information could not reasonably be questioned or that it was generally known. In a jury trial it is for the jury to determine adjudicative facts. *State v. Wilson*, 172 Idaho 495, 504, 534 P.3d 547, 556 (2023). The district court erred in taking judicial notice of Hanning's birthdate.[2] We therefore vacate the judgment of conviction for being a persistent violator.

Hanning also argues that the State did not present sufficient evidence to sustain the jury's guilty verdict for two of the prior felony convictions--California and Montana. Because we vacate the judgment of conviction for being a persistent violator, we need not address this issue. However, we note that the State concedes, and we agree, that it did not present sufficient evidence of the California conviction. As to the Montana conviction, the State's evidence of identity consisted only of Hanning's full name and the month and year of his birth. For guidance on remand, we refer the parties to *State v. Hernandez*, 167 Idaho 262, 469 P.3d 49 (Ct. App. 2020) and *State v. Ish*, 161 Idaho 823, 392 P.3d 1 (Ct. App. 2014).

Finally, Hanning argues that the persistent violator conviction should be vacated without a new trial on that issue. However, we remand for a new trial because it appears that the erroneous admission of the amended information as evidence of Hanning's date of birth was trial error as opposed to evidentiary insufficiency.[3] The proper remedy in such cases is to vacate and allow further proceedings on the sentencing enhancement. *See State v. Miller*, 172 Idaho 381, 533 P.3d 290 (2023). The district court sentenced Hanning to a unified term of fifteen years, with a minimum period of confinement of five years, for battery on a law enforcement officer, which included the enhancement for being a persistent violator. Because we vacate the judgment of conviction for being a persistent violator, Hanning's sentence must also be vacated.

---

[2] Although not argued in this appeal, we note that the district court also failed to instruct the jury that it may or may not accept the judicially noticed fact as conclusive. *See* I.R.E. 201(f).

[3] The State has conceded the evidentiary insufficiency as to the California conviction but it appears that the evidence was sufficient as to at least two other convictions.

7

## IV.

## CONCLUSION

Hanning has failed to show error in the district court's decision to admit the bodycam footage into evidence. As the State concedes, the district court erred in taking judicial notice of the State's amended information as evidence of Hanning's date of birth. Therefore, although Hanning's judgment of conviction for battery on a law enforcement officer is affirmed, his judgment of conviction for being a persistent violator is vacated, his sentence is also vacated, and this case is remanded for further proceedings consistent with this opinion.

Judge GRATTON and Judge LORELLO, **CONCUR**.