**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50152**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 14, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| TERRENCE JOHN GRIGGS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Javier L. Gabiola, District Judge.

Judgment of conviction for aggravated assault on a law enforcement officer, felony eluding, felony malicious injury to property, misdemeanor malicious injury to property, and enhancement for being a persistent violator, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Terrence John Griggs appeals from a finding that he is a persistent violator. Griggs argues that the district court erred in overruling his hearsay objection to a detective's testimony during the persistent violator portion of the trial. Assuming without deciding that the district court erred in admitting the detective's testimony, any error in admitting the evidence was harmless. Griggs' judgment of conviction for aggravated assault on a law enforcement officer, felony eluding, felony malicious injury to property, misdemeanor malicious injury to property, and enhancement for being a persistent violator is affirmed.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Based on an altercation that occurred when officers attempted to take Griggs into custody on outstanding warrants, Griggs was charged with two counts of aggravated assault upon a law enforcement officer with intent to commit a serious felony, Idaho Code §§ 18-901(b), 18-905(a), 18-909, 18-915, one count of aggravated assault upon a law enforcement officer, I.C. §§ 18-901(a), 18-905, 18-915, one count of felony eluding police, I.C. § 49-1404(1) and 2(2)(b) and (c), and two counts of malicious injury to property, I.C. § 18-7001. The State filed a Part II to the information, alleging Griggs is a persistent violator, I.C. § 19-2514, and a Part III, alleging that Griggs used a "deadly weapon" in the commission of the crimes, I.C. § 19-2520. The matter proceeded to a jury trial and the jury found Griggs guilty of one count of aggravated assault on a law enforcement officer, felony eluding, one count of felony malicious injury to property, and a lesser charge of misdemeanor malicious injury to property. The jury acquitted Griggs of the remaining charges. The district court then conducted the second phase of the trial, which included the persistent violator enhancement.[1]

To prove that Griggs is a persistent violator, the State called Detective Diekemper to testify. Detective Diekemper testified that he reviews a person's criminal history through the National Crime Information Center (NCIC), and Spillman, a local countywide database, to determine how officers would pursue wanted persons and understand the threat they posed. Detective Diekemper testified that the general function of Spillman is to keep a record of the people the police department has contact with, including documenting their physical descriptors, date of birth, social security number, phone number, address, their related police reports, and police contacts. Detective Diekemper testified that he was familiar with Griggs and had been for many years "in some form or fashion." Detective Diekemper further testified he participated in the controlled purchase of heroin from Griggs in 2017. Detective Diekemper then testified that he reviewed Griggs' file on the Spillman database to verify Griggs' name, date of birth, and social security number. During Detective Diekemper's testimony, Griggs objected, arguing that Detective Diekemper's testimony was inadmissible hearsay because it came from underlying police records

---

[1]     Regarding Part III, the district court held that because "the jury did find Mr. Griggs guilty of a felony charge of aggravated assault on a law enforcement officer, that the jurors already made that determination as to the deadly weapon enhancement."

not offered into evidence, and even if it was offered into evidence, the underlying records were inadmissible police reports. Griggs further argued that the evidence was not admissible because the foundational requirements for admission as a business record were not met. The district court overruled Griggs' objections. The State then admitted, without objection, Exhibits 45 and 46, which were certified copies of two judgments of conviction, one for eluding and one for possessing heroin. Both judgments of conviction contained Griggs' name, date of birth, and social security number. The jury found that Griggs is a persistent violator. Griggs appeals.

## II.

## STANDARD OF REVIEW

Error is not reversible unless it is prejudicial. *State v. Stell*, 162 Idaho 827, 830, 405 P.3d 612, 615 (Ct. App. 2017). Where a criminal defendant shows an error based on a contemporaneously objected-to, nonconstitutional violation, the State then has the burden of demonstrating to the appellate court beyond a reasonable doubt the error did not contribute to the jury's verdict. *State v. Montgomery*, 163 Idaho 40, 46, 408 P.3d 38, 44 (2017). Thus, we examine whether the alleged error complained of in the present case was harmless. *See id.* Harmless error is error unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record. *State v. Garcia*, 166 Idaho 661, 674, 462 P.3d 1125, 1138 (2020). This standard "requires weighing the probative force of the record as a whole while excluding the erroneous evidence and at the same time comparing it against the probative force of the error." *Id.* If the error's effect is minimal compared to the probative force of the record establishing guilt beyond a reasonable doubt without the error, then the error did not contribute to the verdict rendered and is harmless. *Id.* The reviewing court must take into account what effect the error had, or reasonably may have had, on the jury in the context of the total setting and in relation to all else that happened, which necessarily includes the evidence presented. *Kotteakos v. United States*, 328 U.S. 750, 764 (1946).

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the

weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

### III.

### ANALYSIS

Griggs argues that the district court abused its discretion by overruling his hearsay objection to Detective Diekemper's testimony. The State argues the district court did not err because Detective Diekemper's testimony fell within the hearsay exception in Idaho Rules of Evidence 803(6) and (8). Alternatively, the State argues that even if the district court erred in admitting the testimony, any error in admitting the testimony was harmless beyond a reasonable doubt.

Assuming without deciding that admitting Detective Diekemper's testimony was error, the admission of that testimony does not require reversal because it amounted to harmless error. In his opening brief, to demonstrate that admitting the testimony was not harmless, Griggs' states: "Without the officer's erroneously admitted testimony as to Mr. Griggs' birthdate and social security number, the State would not have been able to carry its burden of proving that Mr. Griggs was the person convicted of the previous felonies." The State responds that the error was harmless because the probative force of any error was minimal, and the evidence of Griggs' guilt would not have been affected by a different court ruling.

The evidence cited by the State includes Detective Diekemper's unobjected testimony regarding his prior involvement with Griggs:

> I'm familiar with Mr. Griggs for many years in some form or fashion. I've heard his name or dealt with him. But I guess what I'm--you're getting at here is in November leading up to our efforts to arrest him on his arrest warrants, I knew that I had taken part in the controlled purchase of heroin in which Mr. Griggs was the person that delivered heroin to us in September of 2017.

The State also presented Exhibit 45 and Exhibit 46, which were two judgments of conviction. Griggs did not object to the admission of either exhibit. Exhibit 45 was a judgment of conviction for which a "Terrence John Griggs" entered a guilty plea to the 2018 charge of eluding a police officer. Exhibit 46 was a judgment of conviction for which a "Terrence John Griggs" entered a guilty plea to the 2017 charge of delivery of a controlled substance, heroin. Both

4

judgments of conviction listed the identical name, date of birth, and social security number. The names on the judgments of conviction were identical to Griggs' name on the charging documents, jury instructions, and judgment of conviction in this case. The State argues that Detective Diekemper's unobjected to testimony regarding his prior interaction with Griggs combined with Exhibits 45 and 46, the two prior judgments of conviction bearing Griggs' name, date of birth, and social security number, provided the jury with substantial evidence to find that Griggs is a persistent violator beyond a reasonable doubt.

A jury's finding that a defendant is a persistent violator will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of the enhancement beyond a reasonable doubt. *State v. McClain*, 154 Idaho 742, 748, 302 P.3d 367, 373 (Ct. App. 2012).

The Idaho Supreme Court has held that, in the absence of contradictory evidence, the prosecution's submission of a judgment of conviction bearing the defendant's full name and date of birth is sufficient evidence for a jury to rely upon to find that the defendant was the person convicted of the crime. *State v. Wilson*, 172 Idaho 495, 501, 534 P.3d 547, 553 (2023); *State v. Parton*, 154 Idaho 558, 569, 300 P.3d 1046, 1057 (2013). In *Parton*, the prosecution attempted to prove that Parton had previously been convicted of a felony in Washington by submitting a Washington judgment. *Parton*, 154 Idaho at 569, 300 P.3d at 1057. On the Washington judgment of conviction, the defendant's name and date of birth were identical to Parton's name and date of birth. *Id.* The Court rejected Parton's argument that there was insufficient evidence to prove beyond a reasonable doubt that he was the person convicted in the Washington judgment, explaining:

> The Washington judgment was admitted without objection. The name of the defendant on the judgment was . . . identical to Defendant's full name and date of birth. No contradictory evidence was presented, nor was there any argument that Defendant had a common name. The jury was not required to reach its verdict beyond any possible doubt. It was only required to conclude, beyond a reasonable doubt, that the Darin William Parton named in the Washington judgment was the same Darin William Parton on trial.

*Id.* In a similar case, *Wilson*, the Court applied *Parton*'s reasoning. In *Wilson*, to prove that Wilson was a persistent violator, the State introduced testimony from an officer that he was familiar with Wilson because of the officer's employment at the Sheriff's Department in a small community, and his knowledge that Wilson had pleaded guilty to battery with intent to commit a serious felony

5

in 2006, even though the officer had no personal involvement in that case. *Wilson*, 172 Idaho at 501, 534 P.3d at 553. The evidence submitted by the State to establish Wilson's two prior felony convictions included a Custer County judgment of conviction which contained the same name and date of birth for Wilson as the name and date of birth the officer testified were Wilson's. *Id.* The officer testified that Wilson's birthdate matched the birthdate shown on the judgment admitted by the State. *Id.* at 502, 534 P.3d at 554. The Court held that, while the State could have presented more evidence establishing Wilson's identity, the testimony of the officer that he knew Wilson from the community in addition to the Custer County judgment of conviction were sufficient to support the jury's finding that Wilson had been convicted of a felony in Custer County in 2006. *Id.*

In this case, Detective Diekemper testified that he was familiar "in some form or fashion" with Griggs for many years and had a personal interaction with Griggs regarding the 2017 delivery of heroin charge. The 2017 judgment of conviction was admitted without objection and no contradictory evidence was presented, nor was there any argument that Griggs was not the person listed in the 2017 judgment of conviction. Thus, there was sufficient evidence for the jury to link Griggs to the prior felony conviction for delivery of heroin in 2017.

As to establishing Griggs' identity for the second prior felony conviction, the State presented evidence that the names, dates of birth, and social security numbers were identical in the 2017 and 2018 judgments of conviction. A defendant's full name and date of birth matching those on a judgment of conviction may be sufficient evidence to prove that that defendant was the person convicted of that crime. *Wilson*, 172 Idaho at 504, 534 P.3d at 556; *Parton*, 154 Idaho at 569, 300 P.3d at 1057. Because the State established that Griggs was the individual listed in the 2017 judgment of conviction, the jury could reasonably infer that Griggs was also the person listed in the 2018 judgment of conviction given the identical personal identifying information. The name in the judgments of conviction were also identical to Griggs' full name in this case. Therefore, Detective Diekemper's testimony regarding his prior knowledge of Griggs, the detective's involvement in Griggs' arrest in 2017 for felony delivery of a controlled substance, and the identical personal identifying information in the two judgments of conviction admitted without objection is enough to establish beyond a reasonable doubt that Griggs was the person convicted of the 2017 and 2018 felony crimes.

6

Accordingly, considering any alleged error in admitting Detective Diekemper's testimony regarding his review of Griggs' file within the Spillman database, when weighing the probative force of the record as a whole while excluding the erroneous evidence and at the same time comparing it against the probative force of the error, we conclude the effect of any error in admitting the detective's testimony is minimal compared to the probative force of the record establishing guilt beyond a reasonable doubt without the error. As a result, the error did not contribute to the jury's verdict regarding the persistent violator enhancement and is harmless.

## IV.

## CONCLUSION

Assuming without deciding the district court abused its discretion in overruling Griggs' objection to Detective Diekemper's testimony, any alleged error amounted to harmless error. Therefore, Griggs' judgment of conviction for aggravated assault on a law enforcement officer, felony eluding, felony malicious injury to property, misdemeanor malicious injury to property, and enhancement for being a persistent violator is affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.